395 A.2d 1388

**COMMONWEALTH of Pennsylvania**

v.

**Benjamin Franklin DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided Dec. 21, 1978.

---

H. Stanley Rebert, Assistant Public Defender, York, for appellant.

Daniel M. Frey and Floyd P. Jones, Assistant District Attorneys, York, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence entered upon conviction of robbery. The principal question is whether the lower court erred in denying appellant's motion for discharge under Pa.R.Crim.P. 1100. We find the record insufficient to dispose of this question, and so remand.

On May 1, 1975, the York City Police filed a complaint against appellant, charging him with robbery. Appellant could not be found, and on June 4 the case was returned for court by the magistrate without a preliminary hearing. On July 21, 1975, an indictment was presented by leave of court. On August 12, 1975, appellant was extradited from Newburgh, New York.

From September 8 to September 16, 1975, appellant was on trial for homicide. Upon conviction, he requested immediate trial on the robbery charge. The lower court denied the request, finding that such a trial would have been before the same jury panel, with prejudice to appellant arguably resulting, and that no prejudice would result from awaiting a new jury panel. Trial was set for January 27, 1976.

At some time before that date, appellant filed a motion for discharge pursuant to Rule 1100(f). On January 27 the lower court continued the trial date because of this motion, and because appellant had requested a preliminary hearing. Argument on the Rule 1100 motion was set for February 5, but the lower court specified that the period to be discussed would be May 1, 1975, to January 27, 1976. On February 5 the Rule 1100 motion was denied. On February 26 the case

was remanded to a magistrate for a preliminary hearing, which was held on March 12. On April 27 a suppression hearing and non-jury trial took place, and appellant was convicted. Post trial motions were denied, and this appeal followed.

The parties and the lower court's opinion on appeal discuss the Rule 1100 question in terms of the entire period of time up to trial on April 27. However, as has been mentioned, in denying the Rule 1100 motion the lower court limited its ruling of February 5 to the period up to January 27. Appellant never filed another motion, to have the court consider possible Rule 1100 violations occurring after January 27. At the suppression hearing, he moved orally[1] to dismiss pursuant to Rule 1100. In response the lower court noted that the Rule 1100 issue had previously been before it, and asked counsel if there were any other facts he wished to present on that subject, "which were not previously considered by the court," N.T. suppression hearing at 1. Counsel replied that there were none, and the suppression hearing commenced.

To establish a Rule 1100 claim, the defendant is obliged to have the lower court rule on its merits prior to trial. Thus he must either file a motion under Rule 1100(f) or contest the Commonwealth's petition to extend, so that by one method or the other the facts and issues come before the court. Otherwise, his Rule 1100 claim will be waived. *See Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978); *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977). Where the defendant obtains a lower court ruling that considers only a given period, but seeks appellate review on the basis of an argument that considers a later time period, as to which there has been no Rule 1100 motion or argument, this requirement has not been met. Accordingly, here we must limit our review to the period ending January 27, 1976.

1. We need not discuss the procedural correctness of this motion, for reasons that follow.

■ Under Rule 1100, all periods of delay beyond the mandatory period must be either excluded from the computation under Rule 1100(d) or justified by an order granting an extension under Rule 1100(c), if the Commonwealth is to prevail. *Commonwealth v. Shelton,* 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976). Here, the Commonwealth filed no petition to extend. It argues, however, that from the 271 days ending January 27, 1976, two periods should be excluded.

■ First, the Commonwealth argues that the period of September 16 to January 26,[2] during which the trial was delayed for a new jury panel, should be excluded because trial could not be held despite the Commonwealth's due diligence. We disagree. This period falls in the category of "judicial delay," which under *Commonwealth v. Shelton, supra,* may not be the basis of an "implied exclusion." *See Commonwealth v. Metzger,* 249 Pa.Super. 107, 375 A.2d 781 (1977). The Commonwealth could—and should—have filed a petition to extend under Rule 1100(c), arguing that despite its due diligence, judicial delay precluded timely trial. That is what the Commonwealth did (with this court's ratification) under similar circumstances in *Commonwealth v. Metzger, supra.*[3]

■ Second, the Commonwealth argues that the period of May 1 to August 12 should be excluded because appellant, being out of the jurisdiction, was unavailable. However, the fact that appellant was incarcerated elsewhere does not, without more, show that he was unavailable for trial. *Commonwealth v. Porter,* 251 Pa.Super. 346, 380 A.2d 812 (1977). The Commonwealth has the burden of proving the requisites of Rule 1100(d), and must do so by a preponderance of the

2. This was the beginning of the next available court session. Appellant's trial was set for January 27.

3. In *Metzger,* the Commonwealth declined to bring the defendant to trial for two successive criminal terms of court, during each of which only one jury pool was available. In one trial, the defendant's brother was tried and evidence presented that implicated the defendant in drug deals; in the other, the defendant himself was tried on a charge based on a different criminal episode.

evidence. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Thus, if the record demonstrates that the Commonwealth did not exercise due diligence in securing the presence of an accused for trial, he will not be considered unavailable. *Commonwealth v. Kovacs*, 250 Pa.Super. 66, 378 A.2d 455 (1977). *See Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 369 A.2d 1331 (1977); *Commonwealth v. McCafferty*, 243 Pa.Super. 218, 363 A.2d 1239 (1976).

In this case, we cannot determine whether the record shows due diligence by the Commonwealth. The record on appeal does not include a transcript of the Rule 1100 hearing of February 5, 1976. Nothing in the briefs or in the lower court opinion indicates when, or how, the Commonwealth learned that appellant was incarcerated elsewhere; when extradition procedures were begun; or whether appellant contested extradition. These and perhaps other questions would have to be answered before we could decide whether a period of time prior to August 12 should be excluded.

We shall therefore vacate the judgment of sentence and remand this case to the lower court for a decision on whether the Commonwealth was duly diligent. The decision should be based either upon a transcript of the Rule 1100 hearing or, if none is available, a hearing. If the lower court finds that some or all of the period of May 1 to August 12, 1975, is to be excluded, it should make a new calculation of whether Rule 1100 was violated prior to January 27, 1976. If there was no violation, the judgment of sentence should be reinstated.[4] If the Commonwealth cannot show its due diligence, appellant should be discharged.

It is so ordered.

4. An appeal from such an order may be taken but it must be limited to the Rule 1100 question. Appellant has argued on this appeal that the lower court should have suppressed the in-court identification by the two victims of the store robbery, but the argument is without merit. Assuming that the various pretrial confrontations were unduly suggestive, as appellant argues, even so, both victims testified that they had seen appellant at their store many times, indeed, almost on a daily basis, and that they recognized him instantly when he entered the store on the day of the holdup. It is thus clear that whatever the illegality of the prior identifications, the in-court identi-

HESTER, J., dissents.

HOFFMAN, J., did not participate in the consideration or decision of this case.

fications were firmly based on an independent identification at the time of the crime. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).