451 A.2d 678

COMMONWEALTH of Pennsylvania, Appellant,

v.

Melvin C. WROTEN.

Superior Court of Pennsylvania.

Argued April 6, 1982.

Filed Oct. 22, 1982.

Garold E. Tennis, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Darryl A. Irwin, Philadelphia, submitted a brief on behalf of appellee.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

CAVANAUGH, Judge:

In this case, the appellee, Melvin C. Wroton, was charged with criminal conspiracy, recklessly endangering another person, simple and aggravated assault, theft and robbery. The charges arose out of an incident allegedly involving the appellee, in which a passenger on a bus at four o'clock in the afternoon was attacked by a group of some five youths and robbed of jewelry. Appellee was arrested on June 23, 1980, and several postponements on the date of trial resulted in the run date being extended under Pa.Crim.P. 1100 to June 29, 1981. All parties agree that if trial had been commenced on or before June 29, 1981, that it would have been timely under Pa.R.Crim.P. 1100. Trial was scheduled for June 22, 1981, and the assistant district attorney, Elliot Present, Esquire, was in court ready to proceed on that date. Unfortunately, the appellee was not in court as he had not been "brought down" from Camp Hill where he had been transferred without notice to the court, the sheriff's office or the Commonwealth prior to trial. Before the trial date the district attorney had issued a "bring down" order for appellee directed to the Graterford State Correctional Institution where the appellee had been confined. The Philadelphia District Attorney's office did not know on June 22, 1981, that the appellee was not at Graterford and had in fact been transferred to Camp Hill which is located outside of Harrisburg some one hundred miles from Philadelphia.

Mr. Present requested Judge Halbert, the trial judge, to issue a bring down order directed to Camp Hill so that the appellee could be brought down immediately for trial. The judge, although aware of the June 29, 1981 run date, refused to do so as he thought it would be impossible to bring the appellee down within one day's time and defense counsel indicated that he would be unavailable after 2:00 p.m. that day.[1] The assistant district attorney then requested trial on the earliest date consistent with court business and was told that July 2, 1981 was the earliest available date.[2] Arrangements were made by the district attorney's office to have the appellee present in court on July 2, 1981. On June 23, 1981, the district attorney's office filed a petition for extension of time on which to commence trial to July 6, 1981.

On July 2, 1981 a hearing was held on the petition to extend the run date under Pa.R.Crim.P. 1100 before Bongiovanni, J. On the same date Judge Bongiovanni denied the petition to extend and also on the same date Judge Braxton granted the appellee's oral motion to be discharged

1. At the hearing on the petition for extension under Rule 1100, Mr. Present, the assistant district attorney, testified as follows in response to the questions of defense counsel, Mr. Irwin:

MR. IRWIN: Mr. Present, is it your testimony that you requested of the court that even though the Defendant could not be brought down on the 22nd that he order the sheriff to bring him down on the 23rd, or the 24th?

MR. PRESENT: That question requires some explanation.

THE COURT: Answer and then explain.

MR. PRESENT: I made a request for a forthwith bring-down. Whether the judge did it that day or the next day, or whenever, I wanted it as soon as possible.

After that request was denied I asked for the earliest possible date.

THE COURT: You asked for the earliest possible date for a court listing?

MR. PRESENT: For a court listing as well. If they could have given me the Defendant on an earlier date I would have taken it.

2. Sgt. Keaveniy of the Philadelphia sheriff's office testified that a representative of the sheriff's office goes to Camp Hill about once a week or once every ten days to bring down prisoners for trial in Philadelphia. However, on rare occasions a judge will direct that a prisoner be brought down immediately for trial, and such order is complied with.

with prejudice because Judge Bongiovanni refused to grant an extension of time in which to commence trial. The Commonwealth has appealed from both orders.

■■■ The sole question before us is whether Judge Bongiovanni erred in refusing to grant the Commonwealth's petition for extension of time in which to commence trial.[3] The Commonwealth has the burden of proving by a preponderance of the evidence that it has met the requirement of Rule 1100(c), i.e., that despite the exercise of due diligence it was unable to bring the appellant to trial within the prescribed period. *Commonwealth v. Akridge*, 275 Pa.Super. 513, 419 A.2d 18 (1980). However, the preponderance of the evidence standard is the least burdensome standard of proof known to the law. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). In reviewing the lower court's ruling that the Commonwealth has or has not met its burden of proving due diligence we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which is uncontradicted. *Commonwealth v. Sharp*, 287 Pa.Super. 314, 430 A.2d 302 (1981).

■■■ Under the applicable law the court below erred in denying appellant's motion to extend the time for commencing trial. Within the run date the Commonwealth was ready to commence trial and was prevented from doing so by an administrative error which resulted in the bring down order being sent to Graterford rather than to Camp Hill. The prosecuting attorney requested the trial judge to order the appellant brought down from Camp Hill forthwith but the Judge refused to do so. The next available trial date

---

3. Pa.R.Crim.P. 1100 provides in pertinent part:

> . . . . .
>
> (2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.
>
> . . . . .
>
> (c)(1) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

was July 2, 1981 and defendant could readily have been brought down to Philadelphia by that date. In these circumstances, the prosecutor exercised due diligence in his attempt to have the appellant tried by June 29, 1981. He timely filed a petition for extension of time after learning that the next available trial date was July 2, 1981. As pointed out in *Commonwealth v. Long,* 288 Pa.Super. 414, 419, 432 A.2d 228, 231 (1981):

> As long as the Commonwealth acted reasonably, in light of the facts and circumstances as they appeared at the time, the Commonwealth acted with "due diligence," even if it appears in hindsight that there were other, possibly more desirable or efficacious methods that might have been tried. *Commonwealth v. Hinton,* 269 Pa.Super. 43, 48–52, 409 A.2d 54, 57–58 (1979) (Petition for Allowance of Appeal Denied December 10, 1979).

■■■ The test in determining whether the Commonwealth acted with due diligence is one of reasonableness under the circumstances. "The 'due diligence' required... [in connection with Pa.R.Crim.P. 1100] does not demand a perfect diligence and punctilious care, but rather a reasonable effort."[4] *Commonwealth v. Polsky,* 493 Pa. 402, 407, 426 A.2d 610, 613 (1981). The Commonwealth could have gone to trial on or before June 29th but the earliest available trial date after June 22, 1981 was July 2, 1981. A judicial delay is a justifiable basis for an extension of time if the Commonwealth is ready to proceed. *Commonwealth v. Cimaszewski,* 261 Pa.Super. 39, 395 A.2d 931 (1978).

4. Appellee relies on the case of *Commonwealth v. Bass,* 260 Pa.Super. 62, 393 A.2d 1012 (1978) to establish that the Commonwealth did not exercise due diligence. In the Bass case the defendant was incarcerated in New Jersey. The Commonwealth did not ask for the defendant's return until February 10, 1976 even though it was apparent that the run date for all bills was January 29, 1976 unless an extension was granted under 1100(c). In its petition for an extension, filed after the expiration of the run date, the Commonwealth merely set forth the bare assertion that despite due diligence it was unable to try the case within the Rule 1100 run date, and failed to add anything to its assertion at the hearing on the petition. Appellee also relies on *Commonwealth v. Davis,* 261 Pa.Super. 204, 395 A.2d 1388 (1978) in which the appellant was incarcerated in New York

The court below was concerned that the Commonwealth did not introduce evidence to show what steps were taken between June 22, 1981 and the run date of June 29, 1981 to try the case on or before June 29, 1981. Obviously, the Commonwealth did nothing after June 22, 1981 to try the case before June 29, 1981 as the assistant district attorney was told that the next trial date available was July 2, 1981.[5] The prosecutor's office on June 23rd filed a timely petition to extend the time for commencing trial and steps were taken to assure that the appellant would be present for trial on July 2, 1981. The July 2, 1981 trial date was only three days beyond the run date and in the circumstances of this case the Commonwealth acted with due diligence to have the appellant tried within the time frame set forth in Pa.R. Crim.P. 1100.

Orders reversed and case remanded for trial in the court below on the earliest available trial date.

and the Commonwealth wanted to exclude the New York incarceration period from the time limits set forth in Pa.R.Crim.P. 1100. This court remanded for a decision by the lower court on the issue of due diligence as nothing in the record before this court showed any due diligence by the Commonwealth. Neither case cited by appellee are applicable to the facts in this case.

5. Given the court's refusal to issue a bring down order so that appellant could be tried by the run date, and the court crier's statement that the earliest available trial date was July 2, 1981, the Commonwealth acted with due diligence notwithstanding lack of further efforts to have the trial by June 29, 1981.