**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Guye HUNT, Appellee.**

Superior Court of Pennsylvania.

Submitted May 25, 2004.

Filed Sept. 10, 2004.

Karen T. Edwards, Asst. Dist. Atty., Pittsburgh, for the Com., appellant.

Lisa G. Middleman, Public Defender, Pittsburgh, for appellee.

Before: HUDOCK, JOYCE, MUSMANNO, KLEIN, BENDER, BOWES, GANTMAN, McCAFFERY and PANELLA, JJ.

GANTMAN, J.:

¶ 1 Appellant, the Commonwealth of Pennsylvania, asks us to review whether the trial court erred when it granted the motion to dismiss the charges against Ap-

pellee, Guye Hunt, pursuant to Rule 600. We hold the trial court erred when it dismissed the charges against Appellee, based upon the alleged Rule 600 violation. We also hold the court abused its discretion when it concluded the Commonwealth had failed to exercise due diligence under the circumstances of this case. Accordingly, we vacate the court's order and remand the matter for trial.

¶ 2 The relevant facts and procedural history of this case are as follows. On January 21, 2000, the Commonwealth filed a complaint charging Appellee with rape,[1] two counts of involuntary deviate sexual intercourse,[2] aggravated indecent assault,[3] endangering welfare of children,[4] and corruption of minors.[5] Trial was scheduled for October 16, 2000. On that date the Commonwealth requested a continuance, because the victim was out of the country and unavailable. Appellee's counsel entered "preserve Rule 1100"[6] as a reason for opposition to the Commonwealth's request, and did not sign the Commonwealth's application for postponement. Trial was rescheduled for January 9, 2001.

¶ 3 On January 9, 2001, the Commonwealth was prepared to go to trial, and Appellee requested and was granted a continuance due to a scheduling conflict. Trial was rescheduled for April 9, 2001.

¶ 4 On April 9, 2001, the Commonwealth requested a continuance, because the victim was again unavailable. Appellee's counsel signed the "consents" section of the Commonwealth's application for postponement, and did not note on the form any defense opposition.[7] Trial was rescheduled for April 23, 2001.

¶ 5 On April 23, 2001, Appellee requested a continuance to allow time to obtain the victim's medical records. Trial was rescheduled for October 10, 2001. On October 10, 2001, Appellee requested a continuance, because his counsel was unavailable, and trial was rescheduled for January 30, 2002.

¶ 6 On January 30, 2002, Appellee and the Commonwealth filed a joint "notice" stating that the case could not be heard due to the court's unavailability, and trial was rescheduled for April 30, 2002. On March 25, 2002, Appellee filed a motion to dismiss the charges pursuant to Pa. R.Crim.P. 600. The following summarizes the delays in bringing this case to trial:

- 1/21/00—Complaint filed.

- 10/16/00—Original trial date. The Commonwealth requests a continuance, because the victim is out of the country and unavailable. Trial is rescheduled for 1/9/01.

---

1. 18 Pa.C.S.A. § 3121.

2. 18 Pa.C.S.A. § 3123.

3. 18 Pa.C.S.A. § 3125.

4. 18 Pa.C.S.A. § 4304.

5. 18 Pa.C.S.A. § 6301.

6. Rule 1100 was renumbered Rule 600, effective April 1, 2001.

7. The Commonwealth's October 2000 application for postponement states the victim was unavailable because she was out of the coun-

try. (*See* Commonwealth's Application for Postponement, dated October 16, 2000.) Later, the Commonwealth explained that trial was twice postponed, because the victim's mother had entered a drug and alcohol rehabilitation facility without notifying the Commonwealth of her whereabouts. (*See* Commonwealth's Motion to Reconsider Dismissal of Charges Pursuant to Rule 600, dated May 17, 2002, at ¶ 2.) Because the victim in this case was a minor, the victim could not come to court on her own. Accordingly, the victim was deemed unavailable for trial purposes.

- 1/9/01—Appellee requests a continuance due to a scheduling conflict. Trial is rescheduled for 4/9/01.
- 4/9/01—The Commonwealth requests a continuance, because the victim is again unavailable. Trial is rescheduled for 4/23/01.
- 4/23/01—Appellee requests a continuance to allow him time to obtain the victim's medical records. Trial is rescheduled for 10/10/01.
- 10/10/01—Appellee requests a continuance, because defense counsel is unavailable. Trial is rescheduled for 1/30/02.
- 1/30/02—Appellee and the Commonwealth file a joint "notice" stating that the case cannot be heard due to the court's unavailability. Trial is rescheduled for 4/30/02.
- 3/25/02—Appellee files a motion to dismiss the charges pursuant to Pa. R.Crim.P. 600.

¶ 7 An evidentiary hearing on Appellee's motion to dismiss proceeded on April 30, 2002, and the court granted the motion on May 8, 2002. The Commonwealth filed a motion for reconsideration, which the trial court denied on May 22, 2002. On May 30, 2002, the Commonwealth timely appealed. On May 5, 2003, a panel of this Court reversed the trial court's decision and remanded the matter for further proceedings. On May 19, 2003, Appellee sought *en banc* reconsideration/reargument, which this Court granted on July 18, 2003.

¶ 8 The Commonwealth raises one issue for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS PURSUANT TO RULE 600 WHERE EVIDENCE DEMONSTRATED THAT THE DEFENSE ACCEPTED THE PROSECU-

TION'S INADVERTENT MISCALCULATION THAT MOVED THE TRIAL DATE THREE DAYS BEYOND THE ADJUSTED RUN DATE, AND WHERE THE EVIDENCE SHOWED THAT THE COMMONWEALTH WAS DILIGENT IN ATTEMPTING TO BRING APPELLEE TO TRIAL AND HAD ONLY REQUESTED THE POSTPONEMENT BASED ON A CIRCUMSTANCE BEYOND ITS CONTROL?

(Appellant's Brief at 4).

¶ 9 "In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." *Commonwealth v. Hill*, 558 Pa. 238, 244, 736 A.2d 578, 581 (1999). *See also Commonwealth v. McNear*, 852 A.2d 401 (Pa.Super.2004). "Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration." *Commonwealth v. Krick*, 164 Pa.Super. 516, 67 A.2d 746, 749 (1949). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Jones*, 826 A.2d 900, 907 (Pa.Super.2003) (*en banc*) (citing *Commonwealth v. Spiewak*, 533 Pa. 1, 8 n. 4, 617 A.2d 696, 699 n. 4 (1992)).

¶ 10 "The proper scope of review...is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court." *Hill, supra* at 244, 736 A.2d at 581; *McNear, supra* at 404. *See also Commonwealth v. Jackson*, 765 A.2d 389 (Pa.Super.2000), *appeal denied*, 568 Pa. 628, 793

A.2d 905 (2002). "[A]n appellate court must view the facts in the light most favorable to the prevailing party." *Id.* at 392.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Commonwealth v. Aaron,* 804 A.2d 39, 42 (Pa.Super.2002) *(en banc)* (internal citations omitted).

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters . . ., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*Commonwealth v. Corbin,* 390 Pa.Super. 243, 568 A.2d 635, 638–39 (1990).

¶ 11 Initially, the Commonwealth contends Appellee consented to its April 9, 2001 request for continuance until April 23, 2001, by signing the Commonwealth's application. The Commonwealth asserts it raised the issue of "consent" at Appellee's Rule 600 evidentiary hearing; however, the court misapprehended the Commonwealth's argument. Nevertheless, by virtue of defense consent, the Commonwealth maintains Appellee waived his Rule 600 rights for the three (3) calendar days between the adjusted run date of Friday, April 20, 2001, and the scheduled trial date of Monday, April 23, 2001.

¶ 12 Furthermore, the Commonwealth alleges it exercised due diligence in bringing Appellee to trial, where both of the Commonwealth's requests for postponement were due to circumstances beyond its control, and where the Commonwealth had been prepared to try the case on January 9, 2001, before the initial run date, when the defense requested a continuance. The Commonwealth concludes the trial court erred and abused its discretion in dismissing the charges against Appellee, and the order granting Appellee's Rule 600 motion should be vacated.

¶ 13 Appellee counters the Commonwealth should have brought him to trial on Friday, April 20, 2001. Appellee insists the trial court discredited the Commonwealth's efforts to bring him to trial in a timely fashion. Moreover, Appellee maintains the Commonwealth did not demonstrate reasonable efforts to secure the attendance of the victim at trial. In his "Substituted Reply Brief," Appellee claims the Commonwealth waived its right to argue "consent" by the defense to the new trial date of April 23, 2001, where the Commonwealth failed to raise this contention at the Rule 600 evidentiary hearing. Alternatively, Appellee submits for the

first time, in his substituted reply brief,[8] that defense counsel's failure to seek dismissal of the charges on April 23, 2001, rather than a continuance, constituted ineffective assistance of counsel[9] for which relief is available. Appellee maintains that counsel should have filed a Rule 600 motion to dismiss on April 23, 2001, her actions had no rational basis designed to protect her client's interests, and he was prejudiced by counsel's omission because if granted, the Rule 600 motion would have resulted in a complete victory for Appellee. For the following reasons, we reject Appellee's contentions and agree with the Commonwealth's position.

¶ 14 Rule 600 sets forth the speedy trial requirements and provides in pertinent part:

### Rule 600. Prompt Trial

\* \* \*

(A)(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

\* \* \*

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

\* \* \*

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain.

\* \* \*

Pa.R.Crim.P. 600. Rule 600 generally requires the Commonwealth to bring a defendant on bail to trial within 365 days of the date the complaint was filed. Pa.R.Crim.P. 600(A)(3). A defendant on bail after 365 days, but before trial, may apply

---

**8.** As petitioner for *en banc* reargument, Appellee filed his substituted brief first, followed by the Commonwealth's substituted brief, to which Appellee filed a substituted reply brief.

**9.** A reply brief cannot be used as an opportunity to raise additional issues on appeal. *See* Pa.R.A.P. 2113; *Commonwealth v. Potts*, 388 Pa.Super. 593, 566 A.2d 287, 296 (1989). Here, Appellee/Petitioner did not raise any

ineffective assistance of counsel issue in his petition for reargument or in his initial "substituted brief" for *en banc* purposes. Appellee raises this argument **for the first time** in his substituted reply brief, and in so doing, he is not responding to any issue raised in the Commonwealth's brief. Thus, we decline to address Appellee's alternative claim of ineffectiveness of counsel raised in this manner.

to the court for an order dismissing the charges with prejudice. Pa.R.Crim.P. 600(G).

¶ 15 In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any periods for which he expressly waived his rights under Rule 600. Pa.R.Crim.P. 600(C). "A defendant has no duty to object when his trial is scheduled beyond the Rule [600] time period so long as he does not indicate that he approves of or accepts the delay." *Commonwealth v. Taylor,* 409 Pa.Super. 589, 598 A.2d 1000, 1003 (1991), *appeal denied,* 531 Pa. 654, 613 A.2d 559 (1992) (addressing Municipal Court's counterpart to speedy trial rule). If the defense does indicate approval or acceptance of the continuance, the time associated with the continuance is excludable under Rule 600 as a defense request. *Commonwealth v. Guldin,* 502 Pa. 66, 71, 463 A.2d 1011, 1014 (1983). Significantly, when the defendant signs the Commonwealth's motion for postponement and registers no objection to the postponement, and the motion indicates trial will be scheduled beyond the Rule 600 time limit, the signed consent without objection can be interpreted as consent to the new date and waiver of any Rule 600 claim arising from that postponement. *Commonwealth v. Walls,* 303 Pa.Super. 284, 449 A.2d 690, 692 (1982). Finally, "judicial delay is a justifiable basis for an extension of time if the Commonwealth is ready to proceed." *Commonwealth v. Wroten,* 305 Pa.Super. 340, 451 A.2d 678, 681 (1982).

¶ 16 The law recognizes the distinction between "excludable time" and "excusable delay" in the context of Rule 600 has been blurred. *Jackson, supra.* "Excludable time" is defined in Rule 600(C) as the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence [10]; any period of time for which the defendant **expressly waives** Rule 600; and/or such period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; (b) any continuance granted at the request of the defendant or the defendant's attorney. Pa.R.Crim.P. 600(C) (emphasis added). "Excusable delay" is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence. Pa.R.Crim.P. 600(G).

¶ 17 If the Commonwealth attempts to bring a defendant to trial beyond the 365 day-period prescribed by Rule 600, and the defendant files a Rule 600 motion to dismiss, the court must assess whether there is excludable time and/or excusable delay. *Hill, supra* at 263, 736 A.2d at 591; Pa.R.Crim.P. 600(C), (G). "Even where a violation of Rule [600] has occurred, the motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and...the circumstances occasioning the postponement were beyond the control of the Commonwealth." *Id.* at 263, 736 A.2d at 591.

¶ 18 "Due diligence is a fact-specific concept that must be determined on a case-by-case basis." *Id.* at 256, 736 A.2d at 588. "Due diligence does not require

10. The "due diligence" required under Rule 600(C)(1) pertains to the Commonwealth's efforts to apprehend the defendant. We note, the other aspects of Rule 600(C) defining "excludable time" do not require a showing of due diligence by the Commonwealth.

perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a **reasonable** effort has been put forth." *Id.* (emphasis added).

¶ 19 "Reasonable effort" includes such actions as the Commonwealth listing the case for trial prior to the run date "to ensure that [defendant] was brought to trial within the time prescribed by Rule [600]." *Aaron, supra* at 43–44. *See also Hill, supra* at 264, 736 A.2d at 592 (finding Commonwealth exercised due diligence when it initially scheduled trial well within time requirements of Rule [600] but trial was delayed by actions of defendant beyond Commonwealth's control). Further, this Court has held the Commonwealth exercised reasonable effort when "[w]ithin the run date the Commonwealth was ready to commence trial and was prevented from doing so by an administrative error" which resulted in a trial date three days beyond the run date. *Wroten, supra* at 680–81 (holding inadvertent administrative error is not enough to defeat due diligence). *See also Corbin, supra* (holding inadvertent listing beyond run date due to overburdened docket, meager staff, and administrative breakdown at detention center, excused Commonwealth with respect to unavailability of its witness). *Compare Commonwealth v. Browne,* 526 Pa. 83, 584 A.2d 902 (1990) (plurality) (holding due diligence imposes duty on Commonwealth to employ simple record-keeping systems to track arraignment dates on a routine basis to ensure compliance with Rule 600); *Commonwealth v. McCutcheon,* 339 Pa.Super. 8, 488 A.2d 281 (1985) (holding Commonwealth did not exercise due diligence in bringing defendant to trial where district justice's staff "misfiled" defendant's paperwork, and Commonwealth only discovered, through chance meeting with defense counsel, that defendant's case had stalled for nine months; Court concluded Commonwealth had no system to assure that cases held for court were properly processed and such failure in recordkeeping precluded finding of due diligence).

¶ 20 In the instant case, the Commonwealth filed its complaint on January 21, 2000. The mechanical run date was January 20, 2001, because 2000 was a leap year. Trial was originally scheduled for October 16, 2000, but was rescheduled for January 9, 2001, at the Commonwealth's request, because the victim was out of the country and unavailable. Nevertheless, the new trial date of January 9, 2001, was still well within the time limit set by Rule 600.

¶ 21 On January 9, 2001, the **defense** requested a continuance, and trial was rescheduled for April 9, 2001. This 90–day continuance yielded an adjusted run date of April 20, 2001. On April 9, 2001, the Commonwealth requested a postponement, because the victim's mother had entered a drug and alcohol rehabilitation facility without notifying the Commonwealth of her whereabouts. The victim in this case was a minor and could not come to court on her own. Hence, she was again unavailable. Defense counsel signed the "consents" section of the Commonwealth's application for postponement **until April 23, 2001,** and did not note any objections or reasons for opposition. The new trial date was three calendar days after the adjusted run date.

¶ 22 On April 23, 2001, the defense requested a continuance to allow time to obtain the victim's medical records. Trial was rescheduled for October 10, 2001. On October 10, 2001, Appellee requested another continuance, because his counsel was unavailable, and trial was rescheduled for January 30, 2002. On January 30, 2002, Appellee and the Commonwealth filed a joint "notice" stating that the case could

not be heard due to the court's unavailability. Trial was rescheduled for April 30, 2002. On March 25, 2002, Appellee filed his Rule 600 motion to dismiss.

¶ 23 At the April 30, 2002 evidentiary hearing on Appellee's Rule 600 motion, the Commonwealth argued Appellee agreed to the April 23, 2001 trial date. (N.T., 4/30/02, at 11–12). Specifically, the Commonwealth claimed, "With counsel present we agreed to try it on Monday." (Id.) The transcript of the hearing makes clear that the trial court immediately misapprehended the Commonwealth's position, took the inquiry in a different direction, and thereby prevented the Commonwealth from elaborating on the consent issue. (Id.). Thus, we reject Appellee's contention that the Commonwealth waived this argument by not raising it at the Rule 600 hearing.

¶ 24 Further, we observe defense counsel signed the Commonwealth's April 9, 2001 application. Notably, counsel had previously refused to sign the Commonwealth's October 16, 2000 application. Defense counsel signed the Commonwealth's April 9, 2001 application without noting any objections as she had previously done on the Commonwealth's October 16, 2000 application. The signature and lack of objection constitute consent to the April 23, 2001 trial date, and a waiver of Appellee's Rule 600 rights with respect to the three (3) calendar days between the adjusted run date of Friday, April 20, 2001 and the scheduled trial date of Monday, April 23, 2001. Thus, under Guldin, supra; Taylor, supra, and Walls, supra, the April 9, 2001 request for postponement was jointly made and is excludable from the Rule 600 time for commencement of trial.

¶ 25 The April 23, 2001 and October 10, 2001 continuances also constitute excludable time, because they were "granted at the request of the defendant or the defendant's attorney". Pa.R.Crim.P. 600(C)(3)(b). The January 30, 2002 "notice" filed by the Commonwealth and Appellee, stating that the case could not be heard due to the court's unavailability, is also excludable because it was requested jointly and based upon judicial delay. See Guldin, supra; Taylor, supra; Walls, supra; Wroten, supra. Thus, Appellee did not have a valid Rule 600 claim at the time he filed his March 25, 2002 motion to dismiss. Therefore, the trial court erred in granting Appellee's Rule 600 motion to dismiss.

¶ 26 Moreover, even if Appellee had not consented to the April 23, 2001 date, and a Rule 600 violation had occurred, the inquiry would then be whether the delay in bringing Appellee to trial was excusable because the Commonwealth exercised due diligence in bringing Appellee to trial and the circumstances occasioning the postponement were beyond the control of the Commonwealth. See Hill, supra at 263, 736 A.2d at 591.

¶ 27 The scheduled trial dates of October 16, 2000, and January 9, 2001, were well within the time limit set by Rule 600. The Commonwealth's October 16, 2000 request for postponement based upon the victim's absence from the country and unavailability was a circumstance beyond the Commonwealth's control. The January 9, 2001 defense continuance delayed trial until April 9, 2001, which was close to the Rule 600 adjusted run date of April 20, 2001. On April 9, 2001, the Commonwealth requested a continuance due to the victim's unavailability, again a circumstance beyond the Commonwealth's control. Because of a failure to account for the leap year in 2000, the Commonwealth inadvertently re-listed Appellee's case for trial on Monday April 23, 2001, instead of the adjusted run date of Friday April 20, 2001. As a result of this administrative error, Appellee's trial was scheduled to

commence three (3) calendar days or one (1) working day late.

¶ 28 The Commonwealth was prepared to proceed on at least one of the prior trial dates. (N.T., 4/30/02, at 10). Further, there is no evidence in the record of any conduct on the part of the Commonwealth calculated to evade Appellee's speedy trial rights. Under the prevailing law of *Aaron, supra* and *Wroten, supra,* the record demonstrates the Commonwealth put forth reasonable efforts to bring Appellee to trial within the limits set by Rule 600. The record also demonstrates that most of the circumstances occasioning the postponement were beyond the control of the Commonwealth. Thus, even if the April 9, 2001 continuance had not been jointly requested, the trial court erred when it found the Commonwealth had not exercised due diligence in bringing Appellee to trial.

¶ 29 Based upon the foregoing, we hold the trial court erred when it dismissed the charges against Appellee, based upon the alleged Rule 600 violation. We further hold, the court abused its discretion when it concluded the Commonwealth had failed to exercise due diligence under the circumstances of this case. Accordingly, we vacate the court's order and remand the matter for trial.

¶ 30 Order vacated; case remanded. Jurisdiction is relinquished.