J-S24023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLTON JAMES SOUTER, JR. | |
| Appellant | No. 1109 WDA 2016 |

Appeal from the Judgment of Sentence June 27, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0004878-2016

BEFORE:  PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 10, 2017**

Appellant, Carlton James Souter, Jr., appeals from the June 27, 2016 judgment of sentence entered in the Court of Common Pleas of Allegheny County ("trial court") sentencing him to a time served sentence following a stipulated non-jury trial.  Upon review, we vacate and remand for further proceedings.

The facts and procedural history of the matter are undisputed.[1] Briefly, on December 4, 2009, Pennsylvania State Trooper Jeffrey Brautigam was conducting surveillance of a hotel room.  During this surveillance, he

_____

[*] Former Justice specially assigned to the Superior Court.

[1] All facts come from the trial court's October 31, 2016 opinion.  **See** Trial Court Opinion, 10/31/16, at 1-6.

observed Appellant, carrying a locked duffel bag, and walking out of the room. Trooper Brautigam approached Appellant, identified himself, and Appellant provided Trooper Brautigam with an expired California driver's license. Appellant admitted that he had marijuana inside the duffel bag and opened the bag for Trooper Brautigam. At this point Trooper Brautigam attempted to arrest Appellant; however, Appellant fled. After a brief chase, which included Trooper Brautigam firing a Taser at Appellant, the Trooper stopped his pursuit and decided to file charges on a later date.

On January 5, 2012, Trooper Brautigam filed a criminal complaint against Appellant and issued an arrest warrant. Eventually, Appellant was apprehended by the Chino, California Police Department on February 27, 2016. On June 1, 2016, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. After a hearing on June 20, 2016, and June 27, 2016, the trial court denied Appellant's Rule 600 motion on the grounds that Appellant's flight from arrest rendered him unavailable for trial and therefore the Commonwealth was not required to exercise due diligence to bring him to trial. Following the hearing, the trial court held a stipulated non-jury trial after which Appellant was convicted and sentenced on all six counts.[2]

---

[2] Appellant was charged and convicted of persons not to possess, use, manufacture, control, sell or transfer firearms, firearms not to be carried without a license, escape, possession with intent to deliver, two counts of possession of a controlled substance, and possession of drug paraphernalia. 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 5121, 35 P.S. §§ 78-113(a)(16), and 780-113(a)(32), respectively.

On June 27, 2016, Appellant filed a notice of appeal. After requesting and receiving an extension of time, Appellant filed a Pa.R.A.P. 1925(b) statement on September 6, 2016. The trial court issued a Rule 1925(a) opinion on October 31, 2016.

On appeal, Appellant raises one issue for our review: "Is the Commonwealth completely relieved of its duty to exercise due diligence by making reasonable efforts to apprehend a criminal defendant and bring him to trial within the parameters of Rule 600 simply because the defendant flees from the arresting officer?" Appellant's Brief at 4.

Our standard of review of a Rule 600 motion is well established.

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of the record, discretion is abused.

*Commonwealth v. Thompson*, 93 A.3d 478, 486 (Pa. Super. 2014) (quoting *Commonwealth v. Ramos*, 936 A.2d 1097, 1100 (Pa. Super. 2007) (quoting *Commonwealth v. Hunt*, 858 A.2d 1234, 1238-39 (Pa. Super. 2004) (*en banc*))) (alteration in original).

In *Commonwealth v. Taylor*, 489 A.2d 853 (Pa. Super. 1985), this Court held that the Commonwealth owed no duty to exercise due diligence when the appellant "committed a willful act in dereliction of a serious

societal duty **after** having been subject to process of court." **Id.** at 857 (emphasis added). In **Taylor**, the defendant was incarcerated in a federal facility while awaiting trial. **Id.** Taylor escaped from the federal facility and failed to appear on the previously set trial date. **Id.** "The Commonwealth is always obligated to exercise due diligence to bring the accused to trial after a warrant has been issued against him, at least until the accused is subjected to the process of the courts of this Commonwealth." **Id.** at 858. Moreover, "[a]n accused, unaware that process has been issued against him, has no obligation to make himself available. Employing a due diligence criteria in such a situation provides the basis for attributing to the accused any delay that results in his apprehension." **Id.** at 859 (quoting **Commonwealth v. Cohen**, 392 A.2d 1327, 1330 (Pa. Super. 1978)).

In the matter *sub judice*, Appellant was never subjected to the process of the courts. While Appellant's flight from Trooper Brautigam was improper, it does not remove the Commonwealth's obligation to exercise due diligence to bring him to trial after he was charged. The trial court's analysis pursuant to **Taylor**, improperly removed the Commonwealth's obligation to exercise due diligence. Moreover, the trial court failed to conduct a due diligence analysis, thus, we are constrained to vacate the judgment of sentence and remand for the trial court to conduct such analysis pursuant to Rule 600(C) because we cannot determine whether the trial court abused its discretion in denying the Rule 600 motion. **See Thompson**, 93 A.3d at 486 (citations omitted).

- 4 -

Judgment of sentence vacated and remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017