J-S07037-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALLAN RICHARDSON, | : | |
| | : | |
| Appellant | : | No. 2572 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 27, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007111-2016

BEFORE:   NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 21, 2020**

Allan Richardson (Appellant) appeals from the April 27, 2018 judgment of sentence imposed after a jury convicted him of two violations of the Uniform Firearms Act (VUFA). Specifically, Appellant challenges the trial court's denial of his motion to dismiss pursuant to Pa.R.Crim.P. 600.  We remand to the trial court for issuance of a supplemental Pa.R.A.P. 1925(a) opinion consistent with this memorandum.

We provide the following background from the record. On June 3, 2016, a criminal complaint was filed charging Appellant with the aforementioned VUFA offenses and eight additional counts, including attempted murder and aggravated assault. A preliminary hearing was scheduled for June 23, 2016, but at the request of the Commonwealth it was continued to July 8, 2016. On July 5, 2016, the scheduled preliminary

---

*Retired Senior Judge assigned to the Superior Court.

hearing was cancelled. Appellant was held for court by an indicting grand jury on July 22, 2016. At an August 23, 2016 scheduling conference, the court set trial for August 7, 2017. The docket entry for the scheduling conference reads: "Jury trial is scheduled: 8/7/17, Rm 702. Earliest possible date is given." Docket Entry 55.

On August 4, 2017, three days prior to the initial trial listing, the trial court held a pre-trial conference and noted that "[b]oth sides [are] ready for trial." Docket Entry 62. On the day the trial was scheduled to start, the Commonwealth requested and was granted a continuance because the complaining witness and an eyewitness failed to appear in court. According to the Commonwealth, the eyewitness was sick, and the complaining witness failed to appear despite being served. N.T., 2/12/2018, at 8.

At an August 31, 2017 status conference, both Commonwealth witnesses were present. However, Appellant moved to continue the trial to January 29, 2018. Docket Entry 75. On January 29, 2018, the trial was again continued at Appellant's request to February 12, 2018, because Appellant's counsel was ill. In granting this final continuance, the court noted in the docket that the final two week delay was excludable. Docket Entry 85.

On February 11, 2018, Appellant filed a petition to dismiss the information pursuant to Pa.R.Crim.P. 600(A). A hearing was held on February 12, 2018. The Commonwealth did not call witnesses or present documentary evidence at the hearing, but argued it had exercised due

diligence as to the original trial listing of August 7, 2017, and had been ready to proceed as of the August 31, 2017 status hearing. N.T., 2/12/2018, at 8. In support, the Commonwealth stated it had "continu[ed] contact with [the witnesses] by sending police out and speaking to their parents. And on the first trial listing, one of them was sick and the other didn't show up." *Id.* It also noted it had been in contact with the complaining witness since before the indicting grand jury. *Id.* at 8-9. Following argument, the trial court denied Appellant's motion without elaborating as to its reasoning or making a finding that any specific period of time was excludable. *Id.* at 10.

A jury trial began on February 12, 2018, and, on February 14, 2018, the jury found Appellant guilty of two VUFA counts.[1] A sentence of three and one-half years to seven years of incarceration, followed by five years of probation, was imposed on April 27, 2018. Appellant's timely-filed post-sentence motion was denied on September 4, 2018.

Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant claims the trial court erred in denying Appellant's Rule 600 motion. Appellant's Brief at 3. We review this issue mindful of the following.

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion

---

[1] The jury acquitted Appellant of attempted murder and aggravated assault.

- 3 -

the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa. Super. 2018) (quoting

*Commonwealth v. Wendel*, 165 A.3d 952, 955-56 (Pa. Super. 2017))

(citation and brackets omitted).

In pertinent part, Rule 600 provides as follows.

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall

commence within 365 days from the date on which the complaint is filed.

* * *

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

* * *

(D) Remedies

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney... may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

The courts of this Commonwealth conduct a multi-step analysis to compute time pursuant to Rule 600. **Wendel**, 165 A.3d at 956. First, Rule 600(A) provides the mechanical run date. Second, the trial court determines if any time constitutes an excludable delay pursuant to Rule 600(C).[2] This determination involves two distinct inquiries: whether the time is a "delay in

_____

[2] This memorandum uses "excludable" to refer to all time that is not included in the Rule 600 count. **See Commonwealth v. Jackson**, 765 A.2d 389, 394 n.8 (Pa. Super. 2000) ("[T]he distinction between 'excludable time' and 'excusable delay' in the context of Rule 600 has been blurred.").

proceedings," and whether the delay should be excluded based on an analysis of the Commonwealth's due diligence. **Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017). Time that is "necessary to ordinary trial preparation" or "attributable to the normal progression of a case simply is not a 'delay' for purposes of Rule 600." **Id**. If time is a "delay," it is excludable when it falls under the "wide variety of circumstances [encompassed by Rule 600] under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence." **Commonwealth v. Armstrong**, 74 A.3d 228, 236 (Pa. Super. 2013) (citations and quotation marks omitted).

"A Rule 600 motion requires a showing of due diligence by a preponderance of the evidence for the Commonwealth to avail itself of an exclusion." **Commonwealth v. Selenski**, 994 A.2d 1083, 1089 (Pa. 2010) (citing **Commonwealth v. Hill**, 736 A.2d 578, 586 (Pa. 1999)). "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." **Id.** Trial courts "must exercise judgment in distinguishing between delay attributable to the court and that which should be allocated to a party." **Mills**, 162 A.3d at 325. Judicial delays "arising out of the court's own scheduling concerns[]... where a trial-ready prosecutor must wait several months due to a court calendar...

should be treated as 'delay' for which the Commonwealth is not accountable." *Id*.

Because delays not attributable to the Commonwealth are not counted against Rule 600's time-bar, excluded time is added to the mechanical run date resulting in an extension of the run date. If the Commonwealth fails to bring the defendant to trial by the final Rule 600 run date, the trial court must dismiss the charges. *Wendel*, 165 A.3d at 956.

In the instant case, the complaint was filed on June 3, 2016. The mechanical run date was June 3, 2017, 365 days later.[3] Trial commenced on February 12, 2018. The total time between the complaint and commencement of trial is 619 days, 254 days past the mechanical run date. The 165 days between the August 31, 2017 status hearing and the February 12, 2018 trial constitute excludable delay because trial was continued at defense's request. *See Commonwealth v. Barbour*, 189 A.3d 944, 955 (Pa. 2018). Excluding these delays, 89 days remain over the mechanical run date. Thus, to comply with Rule 600, at least 89 additional days must be excludable.

---

[3] As Appellant corrects in his brief to this Court, Appellant erroneously listed the date of the complaint as June 7, 2016 in his February 11, 2018 motion before the trial court. Rule 600 Petition, 2/11/2018, at 1; Appellant's Brief at 5. The trial court repeats this date in its opinion, resulting in calculations that are four days short of the actual day count. Trial Court Opinion, 4/3/2019, at 7. This error is inconsequential to the Rule 600 analysis in this case.

The trial court's computation of time pursuant to Rule 600 is as follows.

> As noted, [A]ppellant was charged on June 7, 2016 [*sic*]. On August 23, 2016 a pre-trial conference was held before the Honorable Charles J. Cunningham who set the trial for August 7, 2017. Judge Cunningham noted that August 7, 2017, was the earliest possible date given the court's schedule so therefore, the 349 days between August 23, 2016 and August 7, 2017, were not chargeable to the Commonwealth. "[J]udicial delay is a justifiable basis for an extension of time if the Commonwealth is ready to proceed." ***Commonwealth v. Hunt,*** 858 A.2d 1234, 1241 (Pa. Super. 2004) (quoting ***Commonwealth v. Wroten,*** 451 A.2d 678, 681 (Pa. Super[.] 1982)). Subtracting that period from the 615 [*sic*] days it took to try [A]ppellant indicates that [A]ppellant was tried in conformity with Rule 600.

Trial Court Opinion, 4/3/2019, at 7-8.

Appellant disputes the trial court's characterization of the time between the August 23, 2016 status conference and the August 7, 2017 trial listing as judicial delay, arguing "the act of setting a first trial date is not a situation in which a 'trial-ready' prosecutor is being prevented from going forward to trial... [it] is something done in the normal progression of a case." Appellant's Brief at 14. Appellant argues that the Commonwealth was not trial-ready at the first trial listing because two necessary witnesses failed to appear. *Id.* Appellant further contends that even if the court finds the time at issue is a "delay," the court must analyze the Commonwealth's due diligence before time can be excluded. *Id.* at 15. Appellant argues that the trial court "made no attempt to engage in a consideration of the Commonwealth's due diligence." *Id.* at 15. Had the court conducted a due

diligence analysis, Appellant claims "the record [would] demonstrate a clear lack of due diligence during the time leading up to the first trial" based on the Commonwealth's failure to procure its witnesses and the timing of the Commonwealth's pre-trial motions. *Id*. at 15-16.

Appellant relies on *Mills* to support his argument. In that case, our Supreme Court held that time attributable to the normal progression of a case is not excludable where the Commonwealth is not prepared for trial. *Mills*, 162 A.3d at 325. The issue in *Mills* was a period of time that could have been attributed to either the court's schedule, which set the trial schedule based on its earliest availability, or to the Commonwealth, which was not prepared to proceed to trial on the scheduled trial date. *Id*. at 326 (Wecht J., concurring). In ruling against the Commonwealth, our Supreme Court acknowledged that judicial delay could be grounds to exclude time where "a trial-ready prosecutor must wait several months due to a court calendar," but judicial delay did not apply in *Mills* because the Commonwealth failed to exercise due diligence in preparing for trial. *Id*. at 325. In a concurring opinion, Justice Wecht emphasized that "'judicial delay' cannot be substituted for due diligence...due diligence must be proven by the Commonwealth and assessed by the court, before 'judicial delay' becomes a consideration in the time calculation for Rule 600." *Id*. at 326 (Wecht J., concurring). Because time is not *per se* excludable where the court has set the trial date for the earliest possible day, a trial court must

- 9 -

distinguish between delay attributable to the court and delay attributable to a party. **Mills**, 162 A.3d at 325.

This Court agrees with Appellant's contention that the trial court failed to analyze whether the Commonwealth exercised due diligence in bringing the case to trial. The trial court properly identified that "due diligence is a fact-specific concept that must be determined on a case-by-case basis." Trial Court Opinion, 4/3/2019, at 7 (quoting **Selenski**, 994 A.2d at 1089). However, in its case-specific analysis, the trial court did not include any assessment of the Commonwealth's conduct or readiness. **Id**. Instead, it relied exclusively on the court's schedule to conclude that 349 contested days should not be counted. **Id**. Notwithstanding docket records indicating that the trial court could not have scheduled trial before August 7, 2017, it was improper for the trial court to have excluded time as a judicial delay without first making a finding that the Commonwealth exercised due diligence. **See Mills**, 162 A.3d at 325 (holding that time during which the Commonwealth is not ready for trial cannot be excluded as a delay under Rule 600(C)(1)).

Where a trial court has failed to conduct a proper due diligence analysis, the correct action for this Court to take is to remand for the trial court for such analysis. **See Selenski**, 994 A.2d at 1089 (stating that where the trial court had not conducted a due diligence analysis in the first instance, the Superior Court should remand for the trial court to determine

whether the Commonwealth exercised due diligence pursuant to Rule 600). Accordingly, we remand to the trial court to file with this Court a supplemental 1925(a) opinion within 30 days analyzing whether the Commonwealth exercised due diligence at pertinent intervals and, based on that analysis, whether specific delays are attributable to the court, the Commonwealth, or Appellant. If the court is unable to conduct this analysis on the existing record, it may conduct an additional hearing.

Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 04/21/2020