J-A20011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES KENNEDY | : | No. 2163 EDA 2023 |

Appeal from the Order Entered July 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000244-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

DISSENTING STATEMENT BY DUBOW, J.:          **FILED JANUARY 31, 2025**

I respectfully dissent and would reverse the order granting Kennedy's Motion to Dismiss because two periods of delay totaling 59 days are excludable from the Rule 600 calculation as "other periods of delay." Pa.R.Crim.P. 600(C)(1). *See Commonwealth v. Walker*, ___ A.3d ___, ___, No. 2163 EDA 2023, at *4-5 (Pa. Super. filed Jan. 27, 2025) (concluding that if the Commonwealth did not cause the delay, courts need not consider the Commonwealth's due diligence and may exclude the delay from the Rule 600 calculation). *See also Commonwealth v. Lear*, 325 A.3d 552, 563 (Pa. 2024) (holding that where the delay occurred due to circumstances beyond the Commonwealth's control,  the Commonwealth need not first prove that it acted with due diligence before the delay may be excluded when calculating an adjusted run date pursuant to Rule 600). Thus, I would conclude that the adjusted run date of Kennedy's trial was September 7, 2023, and his Rule 600

motion, filed the day of his waiver trial on August 2, 2023, was, therefore, premature.

Rule 600(C)(1) governs the relevant computation of includable and excludable periods of delay:

> [P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

Under this provision, a trial court "must exclude from the time for commencement of trial any periods during which the defendant was unavailable[.]" ***Commonwealth v. Hunt***, 858 A.2d 1234, 1241 (Pa. Super. 2004) (*en banc)*; ***see also*** Pa.R.Crim.P. 600(C) cmt.

As the trial court observed, on September 16, 2021, Kennedy could not be brought to court for his preliminary hearing due to a medical hold. ***See*** Trial Ct. Op., 10/26/23, at 6; ***see also*** Court of Common Pleas ("CCP") docket entry no. 16. Since Kennedy's unavailability due to a medical hold was outside the control of the Commonwealth, pursuant to ***Hunt, Walker,*** and ***Lear***, ***supra***, the Commonwealth's readiness to proceed should not have been considered in the Rule 600 calculation. Rather, the subsequent 28-day delay should have been excluded from the Rule 600 calculation as an "other period of delay." Rule 600(C)(1).

In addition, our review of the docket indicates that on December 14, 2021, Kennedy was again not "brought down" due to a medical hold. ***See***

CCP Docket entries 30-32. In its Rule 600 analysis, the trial court again attributed the subsequent delay of 31 days to the Commonwealth because, in addition to Kennedy's unavailability due to the medical hold "so that the preliminary hearing could not have proceeded," the Philadelphia police officer most relevant to its case who the Commonwealth had subpoenaed failed to appear. Tr. Ct. Op., at 6. Without citation to the record, the court concluded that the Commonwealth "fail[ed] to advance to [it] an affirmative explanation for the officer's absence [so that] this [c]ourt cannot say that the Commonwealth met its burden of proof sufficient to rule out Commonwealth fault." *Id.* at 7. Again, because the Commonwealth had no control over the circumstances that led to the delay, *i.e.*, the medical hold, this period of time was not attributable to the Commonwealth and, therefore, should have been excluded as "other period of delay." *See Walker*, *supra*, at *4-5.

Combined with the 28-day delay discussed above, I conclude 59 days of delay were "other periods of delay" excludable from the Rule 600 calculation. Thus, the adjusted run date of the trial was September 4, 2023. Kennedy's Rule 600 Motion to Dismiss, filed August 2, 2023, was, therefore, premature.[1]

Accordingly, I would reverse the order granting the Motion to Dismiss and remand for reinstatement of the charges.

_____

[1] Based on my review, I would conclude we need not address the other periods of delay that the Commonwealth challenged as excludable.