## Commonwealth v. Betton

526

*Scott Andreassi, district attorney,* for Commonwealth.
*Deborah Yost, public defender,* for defendant.

VALASEK, *P.J.,* January 28, 2008—Before the court for disposition is defendant's motion to dismiss charges pursuant to Pennsylvania Rule of Criminal Procedure 600.

## BACKGROUND

On August 18, 2005 John David Betton (defendant) was a passenger in a vehicle pulled over by state troopers on State Route 28 in South Buffalo Township. Following a detention during which the driver was issued a warning for a Vehicle Code violation the driver submitted to voluntary questioning and consented to a search of the vehicle. Defendant was asked to exit the vehicle and was subjected to a *Terry* frisk. The trooper executing the frisk retrieved from defendant's pocket a plastic baggie containing cocaine, the subject of the instant case. Defendant was taken into custody and released the same day.

A criminal complaint was filed on August 22, 2005 charging defendant with possession of a controlled substance,[1] manufacture, delivery, possession with intent to manufacture or deliver a controlled substance,[2] and use of, or possession with intent to use, drug paraphernalia.[3] An arrest warrant was issued the same day.

Defendant was arrested pursuant to the warrant on November 11, 2005. He remained incarcerated until posting bail on February 10, 2006 and, following seven continuances, his preliminary hearing took place on March 27, 2006.

Defendant's appearance for plea court was also continued several times, with defendant eventually appearing before the court on August 9, 2007. In the interim defendant filed an omnibus pretrial motion, which the court denied on October 25, 2006. Defendant then failed to appear for plea court on December 7, 2006 and January 4, 2007 and the court issued a bench warrant on January 5, 2007.

On the date of the instant hearing defendant had been incarcerated at the Clearfield County Jail since March 23, 2007. The January 5, 2007 bench warrant was entered into the National Crime Information Center (NCIC) system on April 17, 2007, and "hit on" by the Clearfield County Jail on June 27, 2007.

Defendant was transported for August 9, 2007 plea court where he presented an oral motion for continuance and requested a trial. The court granted the motion that

1. 35 P.S. §780-113(a)(16).
2. 35 P.S. §780-113(a)(30).
3. 35 P.S. §780-113(a)(32).

day and ordered defendant to appear for trial on September 10, 2007.

Despite the court's entry of several transport orders, defendant was not transported to Armstrong County for his September 10, 2007 and October 9, 2007 trial dates and his trial was rescheduled for November 5, 2007. Defendant then filed the instant motion to dismiss on October 31, 2007 and the court conducted an evidentiary hearing on the motion on November 15, 2007.

## FINDINGS OF FACT

(1) The criminal complaint was filed on August 22, 2005.

(2) Defendant was arrested on November 10, 2005. Defendant was jailed and unable to post bail.

(3) The case was initially listed for preliminary hearing on November 21, 2005 and one was held on March 27, 2006.

(4) Defendant's preliminary hearing was continued seven times. The reasons for the continuances range from none to "at defendant's request" (used two times), "defendant needs attorney" (used two times) and a magisterial district judge scheduling conflict.

(5) There is no evidence of how the magisterial district judge knew defendant had no attorney or wanted the preliminary hearing to be continued.

(6) Defendant posted bail and was released from Armstrong County Jail on February 10, 2006.

(7) Defendant's attorney entered his appearance on July 7, 2006.

(8) Defendant had been unrepresented until July 7, 2006.

(9) Defendant filed an omnibus pretrial motion in the form of a motion to suppress on August 1, 2006.

(10) The court denied defendant's omnibus pretrial motion in the form of a motion to suppress on October 25, 2006.

(11) Defendant was incarcerated in Cumberland County Jail from November 2, 2006 through November 13, 2006.

(12) Defendant was incarcerated in Clearfield County Jail from November 13, 2006 through November 17, 2006.

(13) Defendant was incarcerated in Clearfield County Jail on the date of the instant hearing, beginning on March 23, 2007.

(14) The court entered various transport orders at the district attorney's behest. The defendant was transported to Armstrong County for neither his September 10, 2007 trial nor his October 9, 2007 trial.

(15) The record provides a reason for the failure to transport the defendant for his October 9, 2007 trial. Clearfield County refused to transport defendant to Armstrong County for that date because he had a trial in Clearfield County scheduled for October 12, 2007.

(16) Defendant filed the instant motion to dismiss pursuant to Rule 600 on October 31, 2007, two years, two months and nine days after the criminal complaint was filed.

(17) The court held an evidentiary hearing on the instant motion on November 15, 2007.

## DISCUSSION

Pennsylvania Rule of Criminal Procedure 600 dictates that "trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed." In determining whether the Commonwealth has violated Rule 600 the court must remain cognizant that the rule serves two equally important purposes: "(1) the protection of the accused's speedy trial rights, and (2) the protection of society." *Commonwealth v. Hunt,* 858 A.2d 1234, 1239 (Pa. Super. 2004).

Where a defendant raises a Rule 600 argument, the burden is on the Commonwealth to show its due diligence. *Commonwealth v. Johnson,* 852 A.2d 315 (Pa. Super 2004). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis . . . [it] does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a *reasonable* effort has been put forth." *Hunt,* 858 A.2d at 1241-42. (citations omitted) (emphasis in original) Due diligence includes, among other things, "listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600." *Commonwealth v. Ramos,* 936 A.2d 1097, 1102 (Pa. Super. 2007).

Because the Commonwealth bears the burden of showing due diligence, it "needs to make certain a record is

made to support its claim of due diligence" when it foresees a Rule 600 problem. *Johnson,* 852 A.2d at 317. When facing Rule 600 challenge, the Commonwealth must present competent evidence, in the form of, for example, file notes, transcripts, testimony or affidavits, to support a finding in its favor. *Johnson,* 852 A.2d 315. Where the Commonwealth fails to maintain an adequate record of a case's progress and cannot provide competent evidence to establish due diligence in bringing a defendant to trial within the required time, the defendant's challenge will succeed.

The court finds that the Commonwealth has not met its burden of proving that defendant could not have been brought to trial by August 22, 2006 by the exercise of due diligence. The Commonwealth failed to explain the delay in defendant's arrest, the serial continuances of his preliminary hearing, and the inability to transport him to Armstrong County for trial. Therefore, the court is constrained to vacate the charges and discharge defendant.

At the instant hearing the court heard unsworn representations of the assistant district attorney regarding the progress of the case. However, these representations are not competent evidence themselves and remained unsupported by any such evidence. See *Johnson,* 852 A.2d at 317-18.

The Commonwealth failed to explain the delay between the August 22, 2005 filing of the criminal complaint and defendant's November 10, 2005 arrest. The Commonwealth provided no evidence of efforts to apprehend defendant during this time. The Commonwealth could have supported a finding of due diligence by call-

ing, for example, a representative of the police department to explain where the authorities looked for defendant, who was interviewed during the search, and what information was revealed with respect to defendant's whereabouts. As it stands, the court has no evidence of efforts made to apprehend defendant or ascertain his whereabouts following the filing of his criminal complaint.

Likewise, the Commonwealth provided no evidence with respect to the majority of the continuances of defendant's preliminary hearing, spanning from November 21, 2005 to March 27, 2006. During the hearing the Commonwealth read aloud the reasons for several continuances from the defendant's file. However, the Commonwealth provided no evidence that the rescheduled hearing dates were the earliest possible or that it made any efforts to move this case through the preliminary hearing phase.

The Commonwealth stated that the defendant requested the November 21, 2005 and December 15, 2005 continuances of his preliminary hearing. However, defendant denies that he requested the continuances and counters that he remained unrepresented and was not transported from the Armstrong County Jail at the relevant times. The Commonwealth presented no evidence that defendant was, in fact, present at the hearing or that he requested the continuances.

The Commonwealth also stated that the hearings scheduled for January 23, 2006 and March 20, 2006 were continued because defendant needed an attorney. Again, the Commonwealth presented no evidence that defendant

appeared without an attorney or refused to waive his right to counsel, nor did it present any evidence as to how the magisterial district judge knew defendant was unrepresented on those dates. The court also notes that defendant remained unrepresented when the preliminary hearing finally took place.

The Commonwealth could not provide an explanation for the January 3, 2006 and February 13, 2006 continuances and merely stated that the former continuance was done by the magisterial district judge. The sole continuance explained by the Commonwealth was that caused by a conflict in the magisterial district judge's schedule, resulting in a continuance from March 26, 2006 to the following day when the hearing finally took place. Again, the Commonwealth did not call a single witness to testify to the relevant facts.

The court recognizes that it may exclude from a Rule 600 calculation all continuances requested by the defense and periods of delay resulting from the unavailability of a defendant or his attorney. Pa.R.Crim.P. 600(C). However, the Commonwealth has failed to demonstrate that any of these periods fall under the rule's exclusions; bald assertions lacking in evidentiary support are insufficient to maintain a finding for the Commonwealth on these grounds. The court remains unconvinced of the reasonableness of the Commonwealth's efforts to move this case through the preliminary hearing stage and is, therefore, unable to find the exercise of due diligence during this 126-day period.

The Commonwealth similarly fails to present evidence of due diligence in this case after the magisterial district

judge finally held the preliminary hearing. The Commonwealth did not, for example, present any evidence of attempts to locate defendant after he failed to appear for plea court, a portion of which time he was incarcerated by the Commonwealth. During this time, the Commonwealth took 102 days, without explanation, to enter defendant's bench warrant in the National Crime Information Center system.

The Commonwealth has not demonstrated due diligence to bring the defendant to trial even once it determined he was already in its custody at the Clearfield County Jail. In Armstrong County it is the task of the Commonwealth to arrange for the transportation of an incarcerated defendant for trial. Here defendant was not transported for two trial dates, the first on September 10, 2007 and the second on October 9, 2007. While the Commonwealth presented an explanation for its failure to transport defendant for the October date, it presented no evidence with respect to September.[4]

The court finds the record in this case to be woefully inadequate with respect to the Commonwealth's efforts to bring defendant to trial before his mechanical run date, August 22, 2006.[5] Based upon this record, the Commonwealth has not met its burden of proving due diligence.

---

4. Defendant was incarcerated in Clearfield County on the date of his second trial, October 9, 2007. Because he faced trial there on October 12, 2007, the Clearfield County Jail refused to release defendant to Armstrong County.

5. The excessive delay in the prosecution of this case, approximately 800 days, when combined with the Commonwealth's inability to demonstrate due diligence during that time, renders a calculation of the adjusted run date unnecessary.

This case is one in which the parties have asked the court to render a decision based upon a record severely lacking in relevant material facts and competent evidence. The Commonwealth has not presented a single witness or affidavit to support a claim that it exercised due diligence through defendant's case. The court finds that the Commonwealth has not met its burden and, therefore, defendant's motion shall be granted.

An appropriate order shall be entered.

## ORDER

And now, January 28, 2008, after hearing on defendant's motion to dismiss charges pursuant to Pennsylvania Rule of Criminal Procedure 600 and for reasons set forth in the foregoing opinion, it is hereby ordered, adjudged and decreed that defendant's motion is hereby granted, and the case is hereby dismissed with prejudice.