J-S22033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHERMAN COLEMAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SCI-ALBION, | : | |
| | : | |
| Appellee | : | No. 1717 WDA 2014 |

Appeal from the Order Entered October 7, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-MD-0000025-2014

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 28, 2015**

Sherman Coleman (Coleman) appeals *pro se* from the order entered on October 7, 2014, which denied his petition for review from the denial of his private criminal complaint.  After review, we affirm.

A prior panel of this Court set forth the facts of this case.

> In November 2013, Coleman filed a private criminal complaint alleging that the Superintendent of SCI-Albion, Nancy Giroux, committed the crime of "official oppression" in violation of 18 Pa.C[.]S[.] § 5301, *et seq.*, by … illegally detain[ing him] in this State Correctional Institution in violation of the Act of 1974[.]"  Specifically, Coleman claimed that because the record officer at SCI-Albion had no copy of his sentencing order, the state prison did not have legal authority to confine him. Coleman's Private Criminal Complaint, 11/27/13, at 2.  After review, the District Attorney of Erie County disapproved Coleman's criminal complaint for "lack of prosecutorial merit."
>
> On February 3, 2014, Coleman filed a petition for review, pursuant to Pa.R.Crim.P. 506, which states:
>
>> Rule 506.  Approval of Private Complaints

---

*Retired Senior Judge assigned to the Superior Court.

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

**(B) If the attorney for the Commonwealth:**

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) **disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.**

Pa.R.Crim.P. 506 (emphasis added). The Commonwealth responded to Coleman's petition for review, stating the following reasons for its decision to disapprove his complaint:

The Commonwealth's denial *was a policy determination*, and does not represent an abuse of discretion, nor was it made in bad faith, the result of fraud, or unconstitutional.

At trial, the Commonwealth would have to prove, beyond a reasonable doubt:

1) that Ms. Giroux, as Superintendent, has subjected [Coleman] to unlawful detention;

2) that Ms. Giroux, in so subjecting [Coleman], did so in her capacity as Superintendent; and

3) that Ms. Giroux so detained [Coleman] knowing said confinement was illegal.

The Commonwealth does not believe it could successfully prosecute Ms. Giroux as it does not believe it could prove, unanimously, beyond a

- 2 -

reasonable doubt, either elements (1) or (3) of the crime of Official Oppression.

Commonwealth's Response to Petition for Review from Denial of Private Criminal complaint, 2/21/14, at 2 (emphasis added).

On February 24, 2014, the trial court denied Coleman's petition for review, reiterating that the District Attorney's decision was based upon lack of prosecutorial merit, as set forth in the Commonwealth's response, and that after the court's review, it was clear that the D.A. did not abuse its discretion.

*In Re: S. Coleman*, 106 A.3d 161 (Pa. Super. 2014) (unpublished memorandum at 1-3) (footnote omitted).

Coleman timely filed a notice of appeal to this Court. On appeal, Coleman contended that his continued incarceration is illegal because a proper sentencing order does not exist as required by 42 Pa.C.S. § 9764(a)(8).[1] Thus, Coleman believed that the Department of Corrections lacked the statutory authority to detain him.

---

[1] Subsection 9764(a)(8) provides as follows:

**(a) General rule.--**Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer…

**\*\*\***

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

A panel of this Court concluded that "there is nothing in the record indicating that a valid sentencing order was entered on Coleman's criminal case below. Without a valid sentencing order on the docket, Coleman's confinement at SCI-Albion could well be a violation of section 9764." *In Re: S. Coleman*, *supra*, at 7. Accordingly, this Court remanded the case to the trial court to "hold a hearing to determine whether, in fact, a valid sentencing order was docketed in Coleman's criminal case in Allegheny County, which would justify the district attorney's disapproval of his criminal complaint against the Superintendent of Erie County." *Id*. at 8.

On remand, the "Erie County District Attorney submitted information to [the trial court] further substantiating the fact that [Coleman] is lawfully under sentence of confinement for offenses committed in Allegheny County." Trial Court Opinion, 10/7/2014, at 1. Attached to that opinion is a sentencing form which shows that on September 13, 1988, Coleman was sentenced by Judge John W. O'Brien of Allegheny County. On that date, Coleman "was sentenced to consecutive terms of no less than ten (10) and no more than twenty (20) years in prison for each of his three (3) convictions." *Commonwealth v. Coleman*, 570 A.2d 1086 (Pa. Super. 1989) (unpublished memorandum at n. 6). Thus, on October 7, 2014, the trial court entered an order denying Coleman's petition for review of his private criminal complaint.

- 4 -

Coleman timely filed a notice of appeal, along with "objections" to the trial court's opinion and order. Petitioner's Objections to this Court's Opinion and Order, 10/17/2014, at 1. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) referring this Court to the opinion and order entered on October 7, 2014.

On appeal, Coleman contends, *inter alia*, that the trial court erred in denying his petition for review, as the Commonwealth still has not submitted a "written, signed and sealed judgment of sentencing order forwarded to the clerk of courts in which was time-stamped-dated and placed in the certified-official-court-record, i.e., ("criminal docket entries") is the ("ONLY") lawful order/document that can show that [Coleman] is lawfully detained[.]" Coleman's Brief at 13-14 (*verbatim*).

We consider Coleman's issue mindful of our standard of review.

> [W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.
>
> The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that

the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters. *See* ***Commonwealth v. Hunt***, 858 A.2d 1234 (Pa. Super. 2004) (*en banc*) (citing ***Commonwealth v. Jones***, 826 A.2d 900, 907 (Pa. Super. 2003) (*en banc*)) (stating: "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused").

***In re Wilson***, 879 A.2d 199, 215 (Pa. Super. 2005).

On appeal, Coleman cites to no authority convincing us that the documentation produced by the Commonwealth is insufficient to prove that Coleman is being lawfully detained. The sole basis upon which this Court remanded the case to the trial court was because it could not find a sentencing order in the certified record. This Court observed that "the difficulty in finding such an order in the current record is compounded by the fact that Coleman was sentenced in 1988 in Allegheny County and the record before us is confined to the private criminal complaint proceedings initiated in Erie County in November 2013." ***In Re: S. Coleman***, *supra*, at 8. Thus, the Commonwealth heeded the directions of this Court and supplemented the Erie County private criminal complaint docket with

Coleman's criminal docket information from the Allegheny County case, which included a sentencing form. Accordingly, the trial court then had in its possession a "valid sentencing order … which would justify the district attorney's disapproval of [Coleman's] criminal complaint against the Superintendent of Erie County." *Id*. Thus, we conclude that Coleman is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015