J-A31042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSE GONZALES | |
| | No. 363 EDA 2015 |

Appeal from the Order January 8, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0002612-2011

BEFORE: BENDER, P.J.E., MOULTON , J., and FITZGERALD, J.[*]

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 11, 2017**

The Commonwealth appeals from the order of the Philadelphia Court of

Common Pleas dismissing all charges against Appellee, Jose Gonzales, with

prejudice pursuant to Pa.R.Crim.P. 600.  The Commonwealth argues that the

trial court erred in overruling a prior judge's determination that a 208-day

continuance was excludable from the running of Rule 600.  We vacate and

remand for further proceedings.

Appellee was charged with attempted murder,[1] aggravated assault,[2]

carrying a firearm without a license[3] and other related offenses in connection

---

[*] Former Justice specially assigned to the Superior Court.

[1]  8 Pa.C.S. § 901(a).

[2] 18 Pa.C.S. § 2702(a).

[3] 18 Pa.C.S. § 6106(a)(1).

with the shooting of Cristino Rivera on August 31, 2010, in Philadelphia. According to the Commonwealth:

> A witness identified [Appellee] as the man who shot the victim multiple times and left him lying in the street. A second witness heard the gunshots, ran to the intersection, and saw [Appellee] hitting the prone victim with a gun before running away. The victim was taken to the hospital where emergency surgery was performed. He was in critical condition, but survived.

Commonwealth's Brief at 3.

Appellee was arrested on December 11, 2010, and held for court after a preliminary hearing on March 2, 2011. There is no dispute that these eighty-one initial days were attributable to the Commonwealth. Additionally, there is no dispute that the subsequent 341-day delay between March 2, 2011, and February 6, 2012, resulted from defense requests and one continuance not attributable to the Commonwealth.

Of relevance to this appeal, the trial court, with the Honorable Glynnis Hill presiding, granted a defense-requested continuance on February 6, 2012, until July 9, 2012. Docket, 2/6/12. At an intervening listing on March 23, 2012, the court ordered: "Commonwealth request for DNA. [Assistant District Attorney] to prepare order for DNA sample. [Appellee] to be brought down next listing . . . Trial date 7/9/12 . . ." Docket, 3/23/12. On March 30, 2012, the court noted: "[Appellee] brought down for DNA swab. Trial date to remain . . . 7/9/12." *Id.*, 3/30/12. There were several more continuances between July 9, 2012, and October 9, 2012, all of which

resulted from joint requests or defense requests for continuances. On October 9, 2012, the trial court granted a joint one-day continuance due to a "DNA issue." *Id.*, 10/9/12.

On October 10, 2012, the Commonwealth advised the trial court that another continuance was necessary, again for the purpose of obtaining DNA evidence. The Commonwealth stated: "We can still keep [Appellee] here just so my detective will have an opportunity to swab him [to obtain a DNA sample]."[4] N.T., Pretrial Hr'g, 10/10/12, at 3. Defense counsel consented to the swab of Appellee, asserting: "That's fine, your Honor. You already ordered that done and it may turn out to be dispositive either way." *Id.* The following exchange took place at the conclusion of the hearing:

> [The Commonwealth]: The Commonwealth was otherwise ready to proceed and would be able to proceed if [Appellee] would waive the DNA issue [for the purposes of a direct appeal or a post-conviction proceeding]. **I would ask that time be marked extendable**.
>
> [Defense counsel]: **That's fine, Your Honor**.

---

[4] We note that in a petition filed in this Court on April 15, 2016, the Commonwealth first indicated that the certified record did not contain a copy of the October 10, 2012 hearing transcript. The Commonwealth requested, and this Court granted, the Commonwealth's request to supplement the record. Our review, however, also indicates that the Commonwealth did not present the trial court with the October 10, 2012 hearing transcript, and it appears that the trial court did not have the benefit of that transcript when ruling on the Rule 600 issue or preparing its Pa.R.A.P. 1925(a) opinion. We disapprove of the Commonwealth's belated efforts to provide a complete record for review.

Lastly, we note it is unclear why an additional swab for Appellee's DNA was necessary.

The Court: Time is marked extendable.

*Id.* at 4 (emphases added). Judge Hill continued the case until May 13, 2013. *Id.* at 4-5. The docket entry for October 10, 2012 states: "DNA not yet complete. Commonwealth & Defense otherwise ready. Time ruled extendable." Docket, 10/10/12.

A status conference was held on May 6, 2013, at which time the Commonwealth requested a continuance because the DNA testing results were "still outstanding." *Id.*, 5/6/13. Between May 7, 2013, and December 3, 2013, numerous additional continuances were granted for outstanding DNA evidence.

On December 3, 2013, more than twenty months after the Commonwealth first requested Appellee's DNA sample, the docket indicated that DNA, as well as fingerprint, discovery was completed. *Id.*, 12/3/13. The case was continued until January 6, 2014. *Id.*

On January 6, 2014, the matter was again continued to January 8, 2014, due to the court's trial schedule, as well as a possible non-trial disposition. The court granted continuances from January 8, 2014, to June 30, 2014, and from June 30, 2014, to December 8, 2014.[5] There was no

---

[5] The case was reassigned to the Honorable Roxanne Covington, who entered the order granting the continuance on June 30, 2014. The record does not indicate the reason for the reassignment of this case to Judge Covington.

dispute that the 334-day delay from January 8, 2014, to December 8, 2014, were attributable to the defense.

On December 8, 2014, Appellee filed a motion to dismiss under Rule 600, and the trial court, with Judge Covington presiding, heard arguments on the motion that same day. Appellee asserted that the Commonwealth had not been duly diligent in obtaining the DNA results, thus violating Appellee's speedy trial rights under Rule 600.

The trial court ultimately granted Appellee's motion and dismissed all charges against him. The court first acknowledged Judge Hill's ruling that the time following the October 10, 2012 continuance was "extendable," but concluded the prior ruling was clearly erroneous. The court specifically found that the docket entry related to the October 10, 2012 continuance contained insufficient indication that Appellee agreed to the continuance. Second, the court examined the totality of the circumstances and found that manifest injustice resulted from the Commonwealth's apparent lack of diligence to obtain the DNA testing results since March 23, 2012. Therefore, the court determined it was not bound by Judge Hill's prior ruling regarding the October 10, 2012 continuance and concluded, in relevant part, that the 208-day delay from the October 10, 2012 continuance to the March 6, 2013,

status conference should run against the Commonwealth.[6]  The court adjusted the Rule 600 run date to July 19, 2013, found a Rule 600 violation as of the May 6, 2013 continuance for outstanding DNA test results, and concluded that the violation was prejudicial.

On December 17, 2014, the Commonwealth filed a motion for reconsideration in which it argued that the 208-day delay between October 10, 2012 and May 6, 2013 was not chargeable against the Commonwealth. On December 18, 2014, the trial court vacated the December 8, 2014 order and ordered an evidentiary hearing.

On January 8, 2015, Judge Covington convened an evidentiary hearing on the Commonwealth's reconsideration motion.  Jill Fertel, the assistant district attorney assigned to this case in October 2012, testified that on October 9, 2012, she informed defense counsel that

> [the Commonwealth] was ready [to proceed] with or without DNA evidence.  But in order to proceed, I would request that [Appellee] be colloquied if he wished to proceed.  To make sure he understood that if we were to proceed[,] it would only be if [Appellee] agreed to waive any future appellate or PCRA issues with regard to the DNA . . . .

N.T., Pretrial Hr'g, 1/8/15, at 6-7.  ADA Fertel continued:

> [Defense counsel] thought it would not be in the best interests of his client to proceed without the DNA.  As it could very well be exculpatory once it had been developed.

_____

[6] Additionally, the trial court concluded that the one-day continuance ordered on October 9, 2012 for a "DNA issue" was attributable to the Commonwealth.

> We discussed that, in that case, we would agree that the time would be [time rule extendable]. I remembered it very specifically because this was the very first time in my career that I encountered this kind of issue . . . . [Accordingly,] we indicated to [Judge Hill], at that time, that the DNA was not complete. But that otherwise, [the] parties were both ready to proceed.

*Id.* at 7. While cross-examining ADA Fertel, defense counsel—who also was counsel on October 10, 2012—stated that he had spoken with her but did not "recall what happened at that listing." *Id.* at 11. Appellee did not otherwise rebut ADA Fertel's account of the October 10, 2012 hearing.

The Commonwealth argued that under the coordinate jurisdiction rule, the trial court should not overrule the prior judge's order that the time from October 10, 2012, to May 6, 2013, was extendable. Appellee insisted that prior judge's decision was "clearly erroneous" and subject to reconsideration. The court reinstated the order granting Appellee's Rule 600 motion, asserting that the record did not expressly reference an agreement by the parties to deem the time extendable. *Id.* at 16-17. The court further declined to credit ADA Fertel's testimony that defense counsel agreed that the time was extendable, indicating that her "recollection of a conversation that allegedly took place more than two years prior [was] insufficient." Trial Ct. Op., 1/30/16, at 9.

This timely appeal followed. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925. The Commonwealth raises one issue in this appeal:

Did the lower court err in misapplying the "manifest injustice" exception to the rule of coordinate jurisdiction in order to revisit a joint continuance, in which time had been ruled extendable by another judge, and on that basis discharging the prosecution under Pa.R.Crim.P. 600?

Commonwealth's Brief at 2.

Our standard of review is as follows:

This Court reviews a ruling under Rule 600 pursuant to an abuse-of-discretion standard. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Additionally, when considering a Rule 600 claim, this Court must view the record facts in the light most favorable to the winner of the Rule 600 motion. It is, of course, an appellant's burden to persuade us the trial court erred and relief is due.

***Commonwealth v. Claffey***, 80 A.3d 780, 787 (Pa. Super. 2013) (citations omitted).

Rule 600 provides: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Rule 600(C), entitled "Computation of Time," was amended in 2013 to provide in relevant part:

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

\* \* \* \*

(3)(a) When a judge . . . grants . . . a continuance:

* * * *

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting . . . the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

Pa.R.Crim.P. 600(C).[7]

This appeal turns upon whether the trial court's ruling was proper under the coordinate jurisdiction rule. "Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge." **Zane v. Friends Hosp.**, 836 A.2d 25, 29 (Pa. 2003) (citing, *inter alia*, **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995)). Departure from the coordinate jurisdiction rule is permitted only in "exceptional circumstances," which includes (1) "a change in the controlling law," (2) "a substantial change in the facts or evidence," or (3) a "clearly erroneous" order that "would create a 'manifest injustice' if followed." **Zane**, 836 A.2d

---

[7] Appellee filed his Rule 600 motion over one year after July 1, 2013, the effective date of the amendments to Rule 600. The 2013 amendments "reflect changes in law" within decisions interpreting the prior version of Rule 600. Pa.R.Crim.P. 600, cmt. Appellee took the position in the trial court that the 2013 amendments apply to this case. N.T., 12/8/14, at 5 (defense counsel's reference to 2013 amendments in course of Rule 600 motion).

at 29 (citations omitted). A "clearly erroneous" order is one that is subject to "almost certain reversal on appellate review." *Id.*

Here, the trial court overruled the prior judge's determination that the time between October 10, 2012, and May 6, 2013, was extendable. The court determined that the prior judge's ruling was "clearly erroneous" because there was no indication that Appellee agreed to waive the time for the purposes of Rule 600. Trial Ct. Op. at 8. Moreover, the court declined to credit ADA Fertel's testimony regarding an agreement based on the passage of two years between the October 10, 2012 continuance and the January 8, 2015 evidentiary hearing. *See id.* at 9. Although the court's credibility determinations are always entitled to deference, the transcript of the October 10, 2012 hearing has now been made available and appears to support ADA Fertel's testimony that there was an agreement between the parties. If an agreement on the time between October 10, 2012, and May 6, 2013, is found, the court's legal conclusions that (1) the prior judge's ruling was clearly erroneous and (2) a violation of Rule 600 occurred would both fall.[8] *See Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa. Super.

---

[8] More specifically, the trial court adjusted the Rule 600 run date to July 19, 2013. The addition of the disputed 208 days from October 10, 2012, to May 6, 2013, would adjust the run date to February 12, 2014. Because defense counsel also conceded that the 334 days between January 8, 2014 to December 8, 2014, were attributable to the defense, the run date would be adjusted to at least January 12, 2015. Thus, there would have been no Rule 600 violation at time of the December 8, 2014, hearing on Appellee's Rule 600 motion.

2004) ("If the defense does indicate approval or acceptance of the continuance, the time associated with the continuance is excludable under Rule 600 as a defense request.").

Nevertheless, the trial court did not have the benefit of the October 10, 2012 hearing transcript. Accordingly, we vacate the order granting Appellee's Rule 600 motion and remand for further consideration of Appellee's motion in light of the complete record.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2017

---

Because we remand for reconsideration of the trial court's threshold determinations that the prior judge's ruling was clearly erroneous and whether a Rule 600 violation accrued, we decline to opine on the court's further conclusions regarding manifest injustice or prejudice under Rule 600 based on the Commonwealth's lack of due diligence throughout the case.