J-A08018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY DAVIS | : | |
| | : | |
| Appellant | : | No. 724 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008424-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY DAVIS | : | |
| | : | |
| Appellant | : | No. 725 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008425-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY DAVIS | : | |
| | : | |
| Appellant | : | No. 726 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008426-2017

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 28, 2025**

Roy Davis appeals from the judgments of sentence imposed following his convictions for firearm charges and related offenses. This case returns to us after remand. Davis argues that the trial court erred in denying his Pa.R.Crim.P. 600 ("Rule 600") motion to dismiss. We affirm.

The Commonwealth filed criminal complaints against Davis on May 3, 2017, charging with him with multiple crimes: possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public, possession of an instrument of crime, simple assault, recklessly endangering another person, possession of a controlled substance, possession of drug paraphernalia, simple assault, and witness intimidation. The Commonwealth obtained continuances of Davis's preliminary hearing several times. It was ultimately held on September 29, 2017.

A formal arraignment took place on October 13, 2017, and on that day a pre-trial conference was scheduled for November 2, 2017. Davis obtained a continuance. There was then a series of continuances, some joint requests and some defense requests, from November 2, 2017 to June 7, 2018, when the court listed a scheduling conference. However, on the day of the scheduling conference, June 19, 2018, the court had to reschedule it to June 26, 2018 because defense counsel was unavailable. The docket entry for that day contains a notation marking this seven-day period between June 19, 2018 and June 26, 2018 as "excludable." The scheduling conference finally occurred

on June 26, 2018, and the court listed the case for a jury trial on December 10, 2018.

However, on that day, December 10, 2018, the trial was continued to April 12, 2019, after the following exchange:

> [DEFENSE COUNSEL]: We are ready, but the Commonwealth is not. They have to provide me with some material. I'm not drastically in need of it, but they need to supply it.
>
> [THE COMMONWEALTH]: Your Honor, I recently inherited this from another DA. [Defense counsel] informed me the video has not been passed. I can pass it. We're ready. I assume it would be a continuance. It's a jury.
>
> [DEFENSE COUNSEL]: We had said it was a waiver.
>
> THE COURT: Well, do you need time for the video or not?
>
> [DEFENSE COUNSEL]: I don't need the videos or anything else, Your Honor.
>
> THE COURT: We have a case we're finishing up. I don't know how long it will take. It's at least half[]way through or more. We can do another waiver. Are you ready for this, or do you want another date?
>
> [THE COMMONWEALTH]: It's a first listing, and I would ask for the date.
>
> THE COURT: All right. Give it a date.
>
> THE CRIER: 4/12.
>
> [DEFENSE COUNSEL]: And now, at the earliest opportunity, may we get the discovery material?
>
> THE COURT: Sure.

N.T., 12/10/18, at 2-3.

The docket entry on December 10, 2018 reads as follows:

- 3 -

> Commonwealth Request for Continuance Discovery Incomplete
>
> Commonwealth to pass Video
>
> Defense now requests Waiver Trial
>
> Continued 4/12/19 for trial
>
> Defendant now in county custody

Docket No. CP-51-CR-0008424-2017, filed 12/10/18.

On the new trial date, April 12, 2019, the Commonwealth requested a continuance because its witness was unavailable. The trial was continued to May 2, 2019 and was marked as "must be tried."

On April 15, 2019, Davis filed a Rule 600 motion. When the rescheduled trial date arrived, May 2, 2019, the Commonwealth was ready for trial, but Davis requested a continuance because he wanted a jury trial. Trial was then scheduled for June 6, 2019. In the meanwhile, on May 3, 2019, Davis requested a hearing date on the Rule 600 motion and asked for a continuance of the trial. A Rule 600 hearing was initially scheduled for June 6, 2019, but on that day, the hearing was continued due to defense counsel's unavailability. The docket entry on June 6, 2019 indicates "time ruled excludable." The Rule 600 motion hearing was rescheduled to June 10, 2019. On June 10, 2019, defense counsel requested a continuance of the hearing due to his unavailability. The hearing was rescheduled to June 13, 2019. The hearing took place that day, on June 13, 2019, and the court denied Davis's Rule 600 motion. The court then scheduled a jury trial for August 12, 2019 and marked the docket as "must be tried."

Trial began on August 12, 2019, and jury selection was completed that day. However, the next day, Davis requested a bench trial, which was held that day. The court found Davis not guilty of possession of a controlled substance and possession of drug paraphernalia and found him guilty of all other charges. Following the trial judge's retirement, a different judge presided over Davis's sentencing hearing, on November 22, 2021. The court imposed an aggregate sentence of six to 12 years' incarceration. Davis filed post-sentence motions, which were denied. Davis appealed, and this Court vacated and remanded for a new hearing on the Rule 600 motion because the court did not place any factual findings or legal conclusions on the record when it denied Davis's Rule 600 motion. *Commonwealth v. Davis*, 304 A.3d 759, 2023 WL 5282751, at *5 (Pa.Super. filed Aug. 17, 2023) (unpublished mem.).

On remand, Davis filed a new Rule 600 motion, and the trial court conducted a hearing on the new motion. After the hearing on the new Rule 600 motion, the court denied the motion. This timely appeal followed.[1]

Davis raises a single issue:

> Whether the trial court erred in denying Appellant Roy Davis's Rule 600 Motion to Dismiss where the proceedings were repeatedly postponed and trial took place past the run date due to the Commonwealth's failure to disclose mandatory discovery in the form of a video which the

_____

[1] On April 16, 2024, this Court issued orders to show cause why the instant appeals should not be quashed as interlocutory because the judgments of sentence were vacated and there was no indication on the trial court dockets that the judgments of sentence were reimposed. On April 19, 2024, the trial court entered an order reimposing the original judgments of sentence entered on November 22, 2021. Davis then filed amended notices of appeal.

Commonwealth introduced into evidence at trial, the Commonwealth's failure to proceed in a timely fashion at the preliminary hearing stage, the Commonwealth's failure to bring its witnesses to court, and most importantly, the Commonwealth's last minute request for a continuance past the run date solely because the prosecutor had recently been assigned to the case and did not care to proceed at the first trial listing even though that trial listing was still within the run date?

Davis's Br. at 4.

Davis argues that the trial court erred in denying his Rule 600 motion because the Commonwealth failed to bring him to trial within 365 days after the filing of the criminal complaints. We review a trial court's decision on a Rule 600 motion for abuse of discretion. *See Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa.Super. 2004) (*en banc*). Our scope of review is limited to the trial court's findings and the evidence of record from the Rule 600 evidentiary proceeding, which we view in the light most favorable to the prevailing party. *Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa.Super. 2018).

Rule 600 provides that a trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). If trial does not begin before that deadline, taking into account periods of delay in which the Commonwealth exercised due diligence in bringing the defendant to trial, as well as delay the defendant caused, the defendant may move to dismiss the charges. Pa.R.Crim.P. 600(D)(1).

When deciding a Rule 600 motion, we employ the following analysis. First, the court must determine the "mechanical run date," which is 365 days

- 6 -

from the date of the filing of the complaint. ***Commonwealth v. Robinson***, --- A.3d ----2025 WL 1739866, *3 (Pa.Super. filed June 24, 2025). Second, the court must determine whether any periods of delay are "excludable." ***Id.*** "Periods of delay caused by the Commonwealth when the Commonwealth has failed to exercise due diligence are included in the computation of time to commence trial; any other periods of delay, meaning any periods of delay the Commonwealth did not cause or not resulting from a lack of due diligence, are 'excludable time' and 'shall be excluded from the computation.'" ***Id.*** (quoting ***Commonwealth v. Lear***, 325 A.3d 552, 560 (Pa. 2024)). Excludable time for this purpose includes, but is not limited to, defense unavailability or continuance requests, the adjudication of a defendant's pretrial motion, and court congestion and judicial delay. ***Id.*** at *4. We "add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." ***Bethea***, 185 A.3d at 371 (citation and emphasis omitted).

Here, Davis's criminal complaints were filed on May 3, 2017. Thus, his mechanical run date — 365 days from the date of the filing of the complaints — was May 3, 2018. Davis's trial took place after the mechanical run date on August 13, 2019.

Next, we determine whether any periods of delay are excludable. Davis concedes that the following periods were excludable:

- The 217 days between November 2, 2017 and June 7, 2018 were excludable due to joint or defense continuances.

- 7 -

- The seven days between June 19, 2018 and June 26, 2018 were excludable due to defense counsel's unavailability at the scheduling conference.

- The 102 days between May 2, 2019 and the trial on August 12, 2019 due to defense counsel's unavailability and continuance requests.[2]

The total excludable time is therefore 326 days.

The trial court also determined that the 167 days from June 26, 2018 to December 10, 2018 were excludable. N.T., 1/11/24, at 20, 21, 30. The court noted that on June 26, 2018, Davis requested a jury trial, instead of a bench trial, and accepted the trial date of December 10, 2018. *Id.* at 18, 30. This date was given due to the court's calendar being congested with jury trials. *Id.* at 30. The court pointed out that had Davis requested a bench trial, he would have gotten a much shorter trial date. *Id.* at 18, 30. The court further found that the period between December 10, 2018 and April 12, 2019 was not excludable because it was due to the Commonwealth's continuance request. *Id.* at 17, 20, 21. The court concluded that the Commonwealth did not lack due diligence. *Id.* at 30.

We agree with the trial court that the 167 days from June 26, 2018 to December 10, 2018 were excludable. This delay was attributable to the court's congested schedule and the normal progression of the case, which was outside

_____

[2] *See* Davis's Br. at 8, 11.

- 8 -

the control of the Commonwealth and not the result of the Commonwealth's lack of due diligence. We also agree that the period between December 10, 2018 and April 12, 2019 was not excludable. A review of the record indicates this delay was due to the Commonwealth's request for a continuance on December 10, 2018.

Since we find that 167 days were excludable, we must add that time to the 326 days that Davis concedes are excludable. This totals 493 days and yields an adjusted run date of September 8, 2019. Since Davis was tried before this date, the trial court did not abuse its discretion in denying his motion to dismiss pursuant to Rule 600.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/28/2025