J-A24001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL GINES | : | No. 1603 EDA 2022 |

Appeal from the Order Entered June 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos:  CP-51-CR-0008283-2019

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 1, 2024**

The Commonwealth appeals from the June 2, 2022 order granting Appellee Gabriel Gines' motion to dismiss due to a violation of Appellee's speedy trial rights pursuant to Pa.R.Crim.P. 600.  After review, we affirm.

On July 11, 2019 at around 6:00 p.m., Officer Christopher Rycek ("Rycek") of the Philadelphia Police Department responded to a radio call for a male armed with a firearm.  N.T., Preliminary Hearing, 11/14/19, at 6. Police were looking for a Hispanic male, approximately 6 feet tall, wearing a gray hoodie, and sitting on a bicycle.  *Id.*  While surveilling the area, Rycek observed Appellee sitting on the steps of 303 West Lehigh Avenue with a bicycle at his feet.  *Id.*  Rycek and his partner, Officer Lane, exited the vehicle and approached Appellee.  *Id.* at 7.

Rycek asked Appellee if he had any weapons on him.  *Id.*  Appellee appeared nervous and tucked the black fanny pack he was holding behind

him. *Id.* Lane grabbed the bag, frisked it and informed Rycek he felt a firearm. *Id.* at 7-8, 16. Inside the bag was a firearm and suspected marijuana. *Id.* at 8.

On July 12, 2019, the Commonwealth filed a complaint against Appellee and charged him with firearms offenses and one drug-related offense. The Philadelphia Municipal Court initially scheduled a preliminary hearing for July 29, 2019. On that date, however, the court continued the hearing at the Commonwealth's request due to the officers' unavailability; one officer was injured on duty and the other was on vacation. The municipal court rescheduled the preliminary hearing to August 23, 2019, but on that date, the hearing was again continued at the Commonwealth's request because discovery was incomplete. On September 25, 2019, the Commonwealth withdrew the complaint.

On October 18, 2019, the Commonwealth refiled its complaint against Appellee with the same charges.[1] On November 14, 2019, the Municipal Court held the preliminary hearing and bound the charges over to the Court of Common Pleas of Philadelphia County.

On December 2, 2019, a pretrial conference took place in the court of common pleas, and the docket indicates discovery was partially completed.

---

[1] On October 17, 2019, the Commonwealth filed its **notice** of intent to refile the complaint. The complaint was refiled on October 18, 2019; therefore, the correct date for our analysis is October 18, 2019.

On December 24, 2019, Appellee rejected a plea offer, discovery was declared complete, and the court scheduled a bench trial for February 20, 2020.

On February 20, 2020, the court continued the bench trial to May 28, 2020 at the Commonwealth's request because it provided Appellee with discovery (*e.g.*, ballistics and body worn camera). On the same day, Appellee requested additional discovery, including the radio call. The trial court also ordered Appellee to be swabbed for DNA.

On March 16, 2020, our Supreme Court declared a judicial emergency due to COVID-19. On March 17, 2020, the President Judge of Philadelphia County issued an emergency judicial order effective until April 1, 2020.[2]

On August 31, 2020, a status hearing took place via Zoom. The docket indicates that discovery was incomplete because the DNA results were outstanding. The court listed the case for a pretrial conference on December 10, 2020 and for trial on December 16, 2020. At the pretrial conference on December 10, 2020, discovery was declared complete, but the docket also noted that the DNA had not been assigned to an analyst yet, and that the Commonwealth would proceed without the DNA evidence. The court listed the case for a pretrial conference on May 27, 2021, and for trial on June 3, 2021.

On May 27, 2021, the court continued the case due to the ongoing judicial emergency. The docket indicates that the DNA results remained

---

[2] Through a series of orders, the judicial emergency in Philadelphia County was extended until October 1, 2021.

outstanding. The court listed the case for a pretrial conference on October 14, 2021 and for trial on October 27, 2021. In June 2021, despite its earlier representation that it would proceed without DNA, the Commonwealth had the DNA tested. On June 26, 2021, the Commonwealth obtained a DNA report that potentially exculpated Appellee,[3] but it did not forward the report to defense counsel until January 30, 2022.

On October 14, 2021, the court continued the pretrial conference at Appellee's request and directed the Commonwealth to provide Appellee with the DNA results. The court listed the case for a pretrial conference on January 31, 2022 and for trial on February 9, 2022. On January 31, 2022, the court issued a bench warrant on Appellee for "service only." The docket indicates that discovery was again complete. On February 1, 2022, the court lifted the bench warrant and listed the case for trial on June 2, 2022.

On June 1, 2022, Appellee filed a motion to dismiss pursuant to Rule 600. Following argument on June 2, 2022, the trial court granted Appellee's motion and dismissed all charges. This appeal followed. Both the Commonwealth and the court complied with Pa.R.A.P. 1925. The Commonwealth raises a single issue for our review:

> Did the lower court err by dismissing all charges under Rule 600, where fewer than 365 days of potentially includable time passed

---

[3] The lab compared swabs from the firearm, the magazine and Appellee. Motion to Dismiss, 6/1/22, Exhibit H. The swab of the firearm contained DNA from at least three people, and the magazine contained DNA from at least one person. *Id.* Neither sample could be conclusively linked to Appellee. *Id.*

between the filing of the criminal complaint and the dismissal of all charges?

Commonwealth's Brief at 4.

We review Rule 600 rulings for an abuse of discretion. ***Commonwealth v. Burno***, 154 A.3d 764, 793 (Pa. 2017). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will … discretion is abused." ***Id.*** (citing ***Commonwealth v. Wright***, 961 A.2d 119, 142 (Pa. 2008)). We view the facts in the light most favorable to the prevailing party, and we limit our scope of review to the Rule 600 hearing record. ***Commonwealth v. Hunt***, 858 A.2d 1234, 1238-39 (Pa. Super. 2004) (*en banc*), *appeal denied*, 875 A.2d 1073 (Pa. 2005).

Generally, a defendant must be brought to trial within 365 days of when the criminal complaint is filed. Pa.R.Crim.P. 600(A)(2)(a). "[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included[4] in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). In ruling on a Rule 600 motion,

> a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; if the Commonwealth meets its burden of proving due

---

[4] "Includable time," a term we use below, means time charged against the Commonwealth under Rule 600.

diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion. Otherwise, the due diligence component of Rule 600 "would have little, if any, meaningful import." [**Commonwealth v. Mills**, 162 A.3d 323,] 327 (Wecht, J., concurring).

**Commonwealth v. Harth**, 252 A.3d 600, 618 (Pa. 2021). Due diligence is fact-specific and determined on a case-by-case basis. **See Commonwealth v. Claffey**, 80 A.3d 780, 786 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014). Due diligence "requires the Commonwealth to put forth a reasonable effort but does not demand perfect vigilance or punctilious care." **Id.**

The trial court's rationale for granting Appellee's Rule 600 motion changed between the June 2, 2022 hearing and its Pa.R.A.P. 1925(a) opinion. During the hearing, the trial court found two block of includable time and appeared to find a third block of includable time. First, the court found that the time between October 18, 2019, when the Commonwealth refiled the complaint, to February 20, 2020, the date the Commonwealth provided discovery, was includable time. N.T., Hearing, at 7-8.

The court found a second block of includable time between February 20, 2020 and December 10, 2020.[5] **Id.** The court found that the Commonwealth requested DNA swabbing on February 20, 2020, then failed to have the DNA tested, and then decided to move forward without DNA on December 10,

---

[5] During the Rule 600 hearing, the trial court did not exclude the time when the court was under a judicial emergency. It later excluded this time, as discussed below.

- 6 -

2020. *Id.* at 9-11. Thus, the court found the Commonwealth was responsible for the delay between February 20, 2020 and December 10, 2020. *Id.* at 16.

The court appeared to find a third block of includable time from June 26, 2021 to January 30, 2022. Defense counsel advised that the lab tested the DNA on June 4 and June 17, 2021, and forwarded a DNA report to the Commonwealth on June 26, 2021. *Id.* at 16-17. The Commonwealth, however, failed to provide the report to Appellee until January 30, 2022. *Id.* Defense counsel argued that the 219-day period between June 26, 2021 and January 30, 2022 constituted includable time. *Id.* The court appeared to agree, stating, "Yeah. This is kind of egregious. I'm going to grant the motion. … I have no explanation to explain why this Brady material wasn't passed." *Id.* at 19. The Commonwealth conceded it had no explanation either. *Id.*

In its 1925(a) Opinion, the trial court found the 249-day period between Appellee's initial arraignment (July 17, 2019) and the suspension of Rule 600 due to the COVID-19 judicial emergency (March 17, 2020) was includable because there were no defense continuances or other excludable time. Trial Court Opinion, 12/7/22, at 2. The 563-day period when Rule 600 was suspended by order of judicial emergency (March 17, 2020 through October 1, 2021) was excludable. *Id.* Lastly, the time between October 1, 2021 and January 30, 2022 was includable because the Commonwealth "was not 'otherwise ready to proceed' as DNA data had not been passed as [o]rdered by the [trial c]ourt. Discovery was not fully passed in this matter until after the adjusted run date, and [the Commonwealth] offered no evidence

concerning its diligence in bringing this matter to trial." *Id.* at 3. The court did not address the time period from January 30, 2022 to June 2, 2022, the date of dismissal, in its opinion.

The Commonwealth contends that the trial court's calculations during the Rule 600 hearing and in its 1925(a) opinion are incorrect. The Commonwealth argues that the Rule 600 calculation should not begin on the date of its initial complaint, but rather the date of its refiled complaint. The Commonwealth asserts that only 283 days are includable under Rule 600, because:

(1) the 153-day[6] period from the refiled complaint (October 18, 2019) to the start of the judicial emergency (March 17, 2020) is includable;

(2) the 561-day period of judicial emergency orders suspending Rule 600 from March 17, 2020 to October 1, 2021 is excludable; and

(3) the 131-day period from the end of the judicial emergency (October 1, 2021) through completion of discovery (February 9, 2022) is includable.

Commonwealth's Brief at 10-12.

Appellee argues that there are 492 days of includable time. According to Appellee:

---

[6] By our calculation, there are 151 days between October 18, 2019 and March 17, 2020.

 (1) the 97-day period between the initial complaint (July 12, 2019) and refiled complaint (October 17, 2019) is includable;

 (2) the 152-day period between the refiled complaint (October 17, 2019) and the start of the judicial emergency orders (March 17, 2020) is includable;

 (3) the 563-day period when Rule 600 was suspended (March 17, 2020 through October 1, 2021) is excludable;

 (4) the 122-day period between the end of the judicial emergency (October 1, 2021) and completion of discovery (January 31, 2022 is includable; and

 (5) the 121-day period between withdrawal of Appellee's bench warrant (February 1, 2022) and date of dismissal (June 2, 2022) is includable.

Appellee's Brief at 16-17.

The parties agree that two time periods are includable: the 151-day period between October 18, 2019 and March 17, 2020, and the 122-day period between October 1, 2021 and January 31, 2022. The parties further agree that the 563-day period between March 1, 2020 and October 1, 2021 is excludable. This leaves two time periods in dispute: (1) July 12, 2019 – October 18, 2019, the time between the initial and refiled complaint; and (2) February 1, 2022 – June 2, 2022, the date of completion of discovery to the date of dismissal.

We conclude that the time period between July 12, 2019 and October 17, 2019 constitutes includable time. Where a complaint has been withdrawn and re-filed, the impact on our Rule 600 analysis is as follows:

> If … the Commonwealth withdraws the first complaint in an attempt to avoid an imminent Rule 600 violation and then re-files the charges in hopes of circumventing that rule, then the Rule 600 time for the second complaint will be calculated from the filing of the first complaint.
>
> However, if the Commonwealth is diligent in prosecuting the complaint, and if the complaint is withdrawn or dismissed because of factors beyond the Commonwealth's control, then the Commonwealth, upon re-filing the charges in the second complaint, is entitled to have the time under Rule 600 run from the date of that second filing. Accordingly, in cases of subsequent complaints, the law requires that Rule 600 courts **evaluate whether the Commonwealth was diligent with respect to the initial complaint**.

*Claffey*, 80 A.3d at 786-87 (internal citations omitted) (emphasis added). A failure by the Commonwealth to fulfill its discovery obligations constitutes a lack of due diligence. *Harth*, 252 A.3d at 621.

Applying the standards articulated in *Claffey*, we agree with the trial court that Rule 600 began running on the date of the initial complaint, and that the period from July 12 to October 18, 2019, when the complaint was refiled, is includable time. On July 29, 2019, shortly after filing the initial complaint, the Commonwealth requested a continuance of the preliminary hearing due to officer unavailability. On August 23, 2019, the Commonwealth again requested a continuance of the preliminary hearing because discovery was incomplete. The Commonwealth withdrew the initial complaint on

September 25, 2019, and refiled it 22 days later on October 17, 2019. The Commonwealth offered no explanation for its actions other than it was within the prosecutor's discretion. The record thus demonstrates that the Commonwealth failed to act with due diligence from July 12 to October 17, 2019 due to the combination of officer unavailability and failure to complete discovery. Even if the officers were available on July 29, 2019, the Commonwealth would not have been able to proceed because discovery was incomplete.

We also conclude that the time from February 9, 2022 to June 2, 2022 is includable time because this delay resulted from the Commonwealth's lack of due diligence from October 1, 2021, the end of the judicial emergency, through January 31, 2022. The Commonwealth's failure to fulfill its discovery obligation prevented the case from proceeding to trial on February 9, 2022, the date listed as the trial date during the October 14, 2021 hearing. On June 26, 2021, the Commonwealth obtained a DNA lab report that potentially exculpated Appellee. Yet it failed to turn it over until January 30, 2022, or to advise the court that it had the report. Had the Commonwealth turned over the report at an earlier point—for example, at the October 14, 2021 hearing— we see nothing in the record that would have prevented the case from proceeding to trial on February 9, 2022. Thus, the delay between February 9, 2022 and June 2, 2022, the date of dismissal, is includable time. ***Harth, supra.***

In short, 492 days of includable time lapsed from the filing of the initial complaint (July 12, 2019) to dismissal (June 2, 2022), a clear violation of Rule 600. Even if we were to exclude the 121-day period between February 1, 2022 and June 2, 2022, the Commonwealth would still be in violation of Rule 600, because the 249-day period from July 12, 2019 to March 17, 2020 and the 122-day period from October 1, 2021 to January 31, 2022 totals 371 days of includable time.

Accordingly, the trial court did not abuse its discretion by granting Appellee's motion to dismiss due to a violation of Rule 600.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024