J-A25018-24

2025 PA Super 20

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREEK WALKER | : | No. 2445 EDA 2023 |

Appeal from the Order Entered September 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007935-2021

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

OPINION BY DUBOW, J.:                    **FILED JANUARY 27, 2025**

Appellant, the Commonwealth of Pennsylvania, appeals from the September 6, 2023 order of the Philadelphia County Court of Common Pleas dismissing charges against Appellee, Tyreek Walker, based upon a violation of Pa.R.Crim.P. 600. After careful consideration, we reverse.

**A.**

As this case involves application of Rule 600, we need not recite the facts underlying the crimes charged.  For purposes of this appeal, we note that on August 29, 2021, the Commonwealth charged Appellee with, *inter alia*, two violations of the Uniform Firearms Act ("VUFA").[1]  The court arraigned Appellee on September 28, 2021, and marked discovery as complete on its docket. The court scheduled Appellee's waiver trial for January 14, 2022.

_____

[1] 18 Pa.C.S. §§ 6106 (Firearms Not to be Carried Without a License) and 6108 (Carrying Firearms in Philadelphia).

Several delays ensued:

- On January 14, 2022, the Commonwealth requested a continuance because a necessary police officer was "Sick/IOD.[2]"

- A March 4, 2022, docket entry reflects only that the trial court granted a continuance.

- On May 26, 2022, Appellee requested a continuance for further investigation after the Commonwealth provided a Certificate of Non-License and a body camera video to Appellee in court that day. The court marked discovery as incomplete because the Commonwealth had not yet provided Appellee with a testing report from the Firearms Identification Unit. [3]

- On July 21, 2022, the parties held a pre-trial conference, and the court again marked discovery as complete.

- On August 3, 2022, the court continued the matter because the defendant was not brought down from county custody.

- On October 7, 2022, the Commonwealth requested a continuance because a necessary police officer was "Sick/IOD."

- On December 23, 2022, Appellee requested a continuance for further investigation. The court rescheduled the waiver trial to March 24, 2023.

- On March 23, 2023, the Commonwealth filed a motion to amend the bills of information to include an additional VUFA charge under 18 Pa.C.S. § 6105 (Possession of a Firearm Prohibited). The court granted the Commonwealth's motion the next day. As a result, the court had to move the case to a "major trial courtroom" which compelled a continuance.

_____

[2] Injured on duty.

[3] The Commonwealth avers in its brief that it had mistakenly ordered this report because no firearm was recovered and no such report could have been generated. Commonwealth's Br. at 20-21. Therefore, the Commonwealth could not have passed this report to Appellee. *Id.*

- On April 10, 2023, the parties held a pre-trial conference where Appellee rejected the Commonwealth's plea offer and requested a waiver trial.

- On July 14, 2023, the Commonwealth requested a continuance because a necessary police officer, whom the Commonwealth had subpoenaed, was out serving warrants and therefore, unavailable.

The court scheduled Appellee's waiver trial for September 6, 2023. On September 2, 2023, Appellee filed a motion to dismiss the charges pursuant to Pa.R.Crim. P. 600. On September 6, 2023, the court heard argument on the Rule 600 motion and granted Appellee's motion after finding that the Commonwealth had not been diligent over the life of the case.

The Commonwealth appealed and raised the following issue for our review:

> Did the lower court err by dismissing all charges under Rule 600, where fewer than 365 days of incurable time passed between the filing of the criminal complaint and the dismissal of charges?

Commonwealth's Br. at 6.

**B.**

Appellate courts "review Rule 600 decisions for an abuse of discretion[.]" ***Commonwealth v. Lear***, 325 A.3d 552, 557 (Pa. 2024) (internal citations and quotation marks omitted). A trial court does not abuse its discretion when it merely makes an error of judgment. Rather, a court abuses its discretion if it misapplies the law or exercises judgment that is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. ***Commonwealth v. Burno***, 154 A.3d 764, 793 (Pa. 2017) (citation omitted). "Our scope of review is

- 3 -

limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." ***Id.*** (citation omitted).

Rule 600 mandates that trial commence within 365 days of the Commonwealth's filing of a written complaint against a defendant. Pa.R.Crim.P. 600(A)(2)(a). In applying Rule 600, a court first calculates the "'mechanical run date,' which is 365 days after the complaint was filed[.]" ***Lear***, 325 A.3d at 560. The court then accounts for and adds any excludable time to the mechanical run date "to produce the 'adjusted run date,' which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600." ***Id.***

Rule 600(C)(1) addresses excludable time as follows:

For the purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

Our Supreme Court recently explained that the first sentence of Rule 600(C)(1) provides "the general rule" and establishes "two requirements that must be met for delay to count toward the 365-day deadline: (1) the Commonwealth caused the delay and (2) the Commonwealth failed to exercise due diligence." ***Lear***, 325 A.3d at 560 (citation and internal quotation marks omitted). The ***Lear*** Court clarified that "the causation analysis precedes the

- 4 -

due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." **Id.** at 560 n.7. "Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Commonwealth v. Hunt*, 858 A.2d 1234, 1241-42 (Pa. Super. 2004) (*en banc*) (citation omitted).

Addressing the second sentence of Rule 600(C)(1), the *Lear* Court explained that "'any other periods of delay' — meaning any periods of delay not caused by the Commonwealth or not resulting from the Commonwealth's lack of due diligence — are 'excludable' and are removed from the computation of the Rule 600 deadline." *Lear*, 325 A.3d at 560.

Additionally, "any delay caused by the need to reschedule a trial because of a continuance attributable to the defense constitutes excludable time, even if the defendant was prepared to go to trial at an earlier date." *Commonwealth v. Aaron,* 804 A.2d 39, 43 (Pa. Super. 2002) (*en banc*). However, "time attributable to the normal progression of the case simply is not 'delay' for purposes of Rule 600[,]" and thus counts toward the 365-day deadline. *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017).

A "limited exception to the general rule" applies in cases involving "judicial delay." *Lear*, 325 A.3d at 561. In such cases, the Commonwealth must demonstrate "that it complied with the due diligence requirements of Rule 600 at all relevant periods throughout the life of the case." *Lear*, 325

A.3d at 561-62 (quoting *Commonwealth v. Harth*, 252 A.3d 600, 603 (Pa. 2021)).

In *Lear*, the Court defined "judicial delay" as "delay caused by an individual judge's own congested calendar or other scheduling problems." *Id.* (citation and internal quotation marks omitted). It explained that the *Harth* exception, requiring the Commonwealth to show due diligence throughout the life of the case, was applicable in cases involving a single judge's scheduling conflicts because in such cases a delay "could conceivably be averted if the Commonwealth is ready to proceed, as the case could potentially be reassigned to a different judge." *Id.* at 563. In contrast, court closures during a pandemic as well as other "medical-, weather-, and security-related emergencies" constitute "other periods of delay" for which the Commonwealth would not need to prove due diligence. *Id.* at 563 n.9. The Court found the pandemic delays to be excludable time because "[n]o amount of due diligence on the part of the Commonwealth could have possibly hastened [the defendant]'s trial date." *Id.* In other words, when delays occur as a result of circumstances outside of the Commonwealth's control, those delays are excludable from the Rule 600 calculation.

## C.

The Commonwealth argues that the trial court abused its discretion when it granted Appellee's motion to dismiss all charges pursuant to Rule 600 because the trial court improperly calculated the adjusted run date. Commonwealth's Br. at 14. We agree.

- 6 -

*

On September 2, 2023, when Appellant filed his Rule 600 petition, 735 calendar days had passed since the Commonwealth filed the criminal complaint on August 29, 2021. The parties and the trial court agree that 33 days of this time is excludable as court delay due to COVID-19 judicial suspension orders. **See Lear**, 325 A.3d 563. Further, it is uncontested that the 91-day period of delay between December 23, 2022, and March 24, 2023, was caused by the defense's request for a continuance and is excludable time. **See Aaron**, 804 A.2d at 43. This results in an adjusted run date December 31, 2022.

*

At issue are two additional periods of delay which the Commonwealth asserts are attributable to the defense and, thus, excludable: a 69-day period between May 26, 2022, and August 3, 2022, and a 112-day period between March 24, 2023, and July 14, 2023. Commonwealth's Br. at 16-18. The 69-day period of delay between May 26, 2022, and August 3, 2022, was due to Appellee's request for a continuance for "further investigation." Docket Entry, 5/26/22. The trial court nevertheless attributed this time to the Commonwealth because of its failure to "timely meet its discovery obligations." Trial Ct. Op., 11/27/23, at 6.

**Lear** makes clear that "the causation analysis precedes the due diligence inquiry." 325 A.3d 563 n.7. This means that the trial court must first consider the cause of the delay before analyzing the Commonwealth's

diligence in meeting discovery obligations over the life of the case. *Id*. Here, the cause of the delay was a defense request for a continuance for further investigation, and, therefore, that delay must be excluded. *Hunt*, 858 A.2d at 1241 ("[T]he court **must exclude** from the time for commencement of trial . . . any continuances the defendant requested[.]") (emphasis added). The trial court, thus, erred as a matter of law in attributing this delay to the Commonwealth. This 69-day period constitutes excludable time.

\*

The Commonwealth also argues that the trial court erred in attributing the entire 112-day period between March 24, 2023, and July 14, 2023, to the Commonwealth because "the defense requested to have the case spun out to a major trial room" after the court granted the Commonwealth's motion to amend the bills of information to include an additional VUFA charge. Commonwealth's Br. at 17. The Commonwealth asserts that after the court granted its motion to amend the complaint on March 24, 2023, the court moved the case to a different administrative track for disposition and scheduled a listing in the major trial Smart Room for April 10, 2023, where "the defense rejected the Commonwealth's offer and requested to have the case spun out for a waiver trial." *Id.* The Commonwealth contends, therefore,

that the court erred in attributing the 17-day delay between March 24, 2023, and April 10, 2023, to the Commonwealth. We agree.[4]

After the court granted the Commonwealth's motion to amend the bills of information, the court assigned it to the "major felony" case track where the first available date for trial was April 10, 2023. In attributing that period of delay to the Commonwealth, the trial court asserted that the Commonwealth's decision to amend the bills of information "was a calculated trial decision by the Commonwealth" and was "very much within the Commonwealth's control." Tr. Ct. Op., at 7. We disagree with the court's reasoning as the procedures of the Philadelphia Court of Common Pleas required that the case be moved to a different administrative track after the court granted the motion to amend the information.

*Lear* defines judicial delay attributable to the Commonwealth when a single judge's scheduling conflicts or congested calendar "could conceivably be averted if the Commonwealth is ready to proceed, as the case could potentially be reassigned to a different judge." 325 A.3d at 562. Here, the Commonwealth had no control over the administrative requirement that the case be moved to a different case track. This delay, therefore, is not "judicial delay," but rather "other period[] of delay" under Pa.R.Crim.P. 600(C)(1). As

_____

[4] As we find that the trial court correctly attributed the period between April 10, 2023, and July 14, 2023, to the normal progression of the case, which counts toward the 365-day deadline, we analyze only the 17-day period from March 24, 2023, to April 10, 2023. *See* Trial Ct. Op. at 5.

such, the Commonwealth is not required to prove due diligence. *See **id.*** ("[T]he Commonwealth's diligence is never relevant to the Rule 600 analysis for 'other periods of delay[.]'").

Moreover, the trial court erred in attributing the period of delay to the Commonwealth because the trial court believed that that the Commonwealth's decision to amend the bills of information at that time was a calculated trial decision. The Commonwealth's strategy for filing a motion to amend the bills of information is irrelevant to determining whether a period of delay is attributable to the Commonwealth. Rather, Rule 600 addresses the causes of, and not the motives for, the delay. In granting the Commonwealth's motion to amend, the trial court determined that this amendment would not prejudice Appellee.[5] Therefore, having granted the motion to amend the bills of information, the trial court erred in subsequently holding the Commonwealth responsible for the unavoidable period of administrative delay caused by the case track reassignment.

Accounting for these periods of excludable time brings the adjusted run date to March 27, 2023.

## D.

The Commonwealth next identifies three time periods of delay that it avers were beyond its control and therefore excusable: a 49-day period

---

[5] Pa.R.Crim.P. 564 ("The court may allow an information to be amended [] provided that . . . the amended charges are not so materially different . . . that the defendant would be unfairly prejudiced.").

between January 14, 2022, and March 4, 2022, and a 77-day period between October 7, 2022, and December 23, 2022, where a necessary police officer was "Sick/IOD", and a 54-day period between July 14, 2023, and September 6, 2023, where a necessary police officer was subpoenaed but out serving warrants and therefore unavailable. Commonwealth Br. at 18-19.

While the trial court found that the periods where a necessary officer was "Sick/IOD" were excusable, the court did not excuse the delay where the necessary officer was out serving warrants because the fact that "the officer may have been out working elsewhere that morning did not thereby prove that the failure to appear was despite the Commonwealth's efforts." Trial Ct. Op. at 7.

The trial court erred in attributing this 54-day period to the Commonwealth because the circumstances necessitating the delay were beyond the Commonwealth's control. **See Hunt**, 858 A.2d at 1241-42. This Court has previously held that delay resulting from a necessary officer's unavailability is excusable if "the evidence of record establishes that there was more than a mere assertion that the officer was unavailable." **Commonwealth v. Peterson**, 19 A.3d 1131, 1138 (Pa. Super. 2011) (*en banc*). Here, the docket establishes that the Commonwealth subpoenaed the necessary officer and that the officer was serving warrants and therefore unavailable. Docket Entry, 7/14/23. Accordingly, the trial court erred in not excluding this period of delay as an event outside of the control of the Commonwealth.

Excluding these three periods of excusable delay brings the adjusted run date to September 25, 2023.[6] Accordingly, Appellee's Rule 600 motion filed on September 2, 2023, was premature and the court erred in granting it and dismissing the charges.

## E.

In conclusion, the trial court erred in not extending the adjusted run date to include the 69-day period between May 26, 2022, and August 3, 2022, the 17-day period between March 24, 2023, and April 10, 2023, and the 54-day period between July 14, 2023, and September 6, 2023. The adjusted run date, at minimum, was September 25, 2023. Therefore, Appellee's motion to dismiss filed on September 2, 2023, was premature and the trial court abused its discretion in granting the Rule 600 motion and dismissing this case. Accordingly, we vacate the order granting the Rule 600 motion and remand for further proceedings.[7]

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[6] Since September 23, 2023, is a Saturday, the adjusted run date is the next business day, Monday, September 25, 2023. *See* 1 Pa.C.S. § 1908.

[7] In light of our disposition, we need not address the Commonwealth's claims regarding the trial court's findings as to the Commonwealth's diligence in passing discovery and its potential impact on the March 4, 2022, continuance.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/27/2025</u>